879 So.2d 179 (2004)
STATE of Louisiana
v.
Darrell R. SMITH, Jr.
No. 2003 KA 1153.
Court of Appeal of Louisiana, First Circuit.
April 7, 2004.
*180 Charles Grey, Creighton B. Abadie, Assistant District Attorneys, Baton Rouge, Counsel for Plaintiff/Appellee State of Louisiana.
James E. Boren, Baton Rouge, Counsel for Defendant/Appellant Darrell R. Smith, Jr.
Before: CARTER, FOIL, WHIPPLE, PARRO, FITZSIMMONS, KUHN, GUIDRY, PETTIGREW, GAIDRY, MCDONALD, and McCLENDON, JJ.[1]
MCCLENDON, J.
We consider this matter en banc to determine whether a motion for reconsideration of an initial sentence preserves appellate review of a new sentence when the initial sentence is modified or vacated and a new sentence imposed.
The defendant, Darrell R. Smith, Jr.,[2] was charged by bill of information with possession with intent to distribute diazepam, in violation of LSA-R.S. 40:969 A(1).[3] Defendant initially pled not guilty, but was later allowed to withdraw his plea and enter a plea of guilty. After defendant's plea was accepted, he was convicted and sentenced to ten years imprisonment at hard labor. Thereafter, on September 4, 2002, defendant filed a timely motion to reconsider his sentence on the ground that *181 it was excessive insofar as he was not given credit for time spent in a drug rehabilitation program pending trial. An amended motion to reconsider sentence was filed on January 16, 2003, alleging that the sentence imposed was unconstitutionally excessive. Therein, defendant suggested that his sentence be reduced to five years at hard labor with credit for time spent in a drug rehabilitation program. Following an evidentiary hearing, a new trial judge assigned to the case granted the motion in part on February 14, 2003, and resentenced defendant to serve seven years imprisonment at hard labor with credit for time served, and to pay a fine of $5,000.00.[4]
On appeal, defendant relies on a single assignment of error, arguing that his new sentence is excessive. For the following reasons, we affirm his conviction and sentence.

FACTS
Because defendant pled guilty to possession with intent to distribute diazepam, the facts of the offense were not fully developed at a trial on the merits. However, at defendant's Boykin hearing, defendant stipulated that he was guilty of possession with intent to distribute diazepam and that, if the State went to trial, the State would be prepared to prove the facts contained in the police report, the allegations reflected in statements of co-defendants, and the results of a laboratory report provided to defense counsel. Those materials indicated that on May 8, 2000, officers acting on information provided by a confidential informant stopped Trenton Kidder and found narcotics in his vehicle. Kidder informed them that he had obtained the drugs from Shannon Truitt, who told him that she, in turn, obtained them through defendant. Defendant had been arrested in Texas in April 2000 for bringing drugs into the country from Mexico. He was in a drug-rehabilitation facility in Houston, Texas. While in Texas, defendant had drugs stored with his mother, who was allegedly distributing them for defendant. Truitt told Kidder that defendant's mother was the immediate source of the drugs she was providing to him. Truitt was located, questioned, and found in possession of a large quantity of drugs. Truitt advised officers that she had been in telephone contact with defendant and had been contacted by defendant's mother who asked Truitt to come to her place of employment to get drugs to sell for defendant. From defendant's mother, she obtained hundreds of doses of diazepam and other illegal drugs. Truitt also told officers that defendant had been a manufacturer of GHB and that she believed more illegal drugs were at his mother's residence.
Armed with this information, officers obtained a warrant to search the residence and place of employment of defendant's mother. In a black bag that defendant's mother admitted was hers, police found hundreds of doses of illegal drugs. At the residence, police found two jugs of GHB, twenty-two vials of nubain, twenty-one vials of liquid steroids, syringes, and a safe containing records of drug activities. Defendant's mother advised the police that her son trafficked in drugs and that the drugs at the residence and her place of business belonged to him. Defendant was finally arrested in June 2000 for the instant offense. It appears that while he *182 was in a drug rehabilitation treatment program in Texas, he arranged for his mother to give drugs that he had stored at his home in Louisiana to his girlfriend.
At his sentencing hearings, defendant admitted that he used drugs and sold drugs to support his addiction to nubain. He also admitted making trips to Mexico at least four or five times to obtain drugs for himself and others. At the time of his resentencing in February 2003, he was twenty-three years old. Defendant admitted that he had hundreds of dosages of drugs stored at his home. He testified that he started using drugs at age fifteen and dealt drugs for a nine-month period from 1999 through May 2000. According to the trial judge, the records in other proceedings against defendant, as well as the information contained in the pre-sentence investigation report, demonstrated that defendant was a "major player," a manufacturer, and a distributor of drugs for profit. He was not a street-level addict selling to support his own habit. At the time of initial sentencing, the trial judge further indicated that defendant had gotten a very favorable plea agreement, in that the district attorney had agreed to dismiss other counts for possession with intent to distribute nubain and testosterone, for which defendant could have received substantial additional prison terms. The court reviewed the considerations set forth in LSA-C.Cr.P. art. 894.1 and found that defendant was in need of correctional treatment in a custodial environment, that there was a danger that he would commit additional crimes if not incarcerated, and that his actions had negatively affected others in the community. After taking defendant's prior offenses and the pre-sentence investigation report into consideration, the trial judge sentenced defendant to ten years imprisonment at hard labor.
Defendant timely requested reconsideration of his sentence and subsequently amended his motion for reconsideration. After reviewing the record and taking additional testimony into consideration, the new trial judge to which this case had been assigned resentenced defendant to seven years imprisonment at hard labor and imposed a fine of $5,000.00. Defendant now appeals to this court, seeking a second downward revision of the sentence imposed on him.

ANALYSIS
Defendant argues on appeal that his new sentence is unconstitutionally excessive. We note that defendant filed a timely motion to reconsider his initial sentence. That motion was limited to an argument that defendant should receive credit for twenty-six months spent in a rehabilitation program. After the expiration of the thirty-day period for filing a motion to reconsider sentence established in LSA-C.Cr.P. art. 881.1 A(1), defendant filed an amended motion to reconsider his sentence, arguing for the first time that the sentence was unconstitutionally excessive. Following an evidentiary hearing, the trial judge reduced defendant's term of incarceration from ten years to seven years imprisonment at hard labor and added a fine of $5,000.00, whereas no fine had previously been imposed.[5] The record does not reflect *183 either an oral or written motion to reconsider the new sentence imposed on February 14, 2003. Defendant made no comment when his new sentence was imposed that could be interpreted as an objection to the new sentence.
One purpose of the motion to reconsider is to allow the defendant to raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing. State v. Mims, 619 So.2d 1059, 1059-60 (La.1993) (per curiam). Louisiana Code of Criminal Procedure article 881.1 uses the term "resentence" making it clear that when relief is granted, the result is imposition of a new sentence.[6] Since a new sentence is imposed when relief is granted, the language of Article 881.1 requires that a renewed motion for reconsideration be filed, specifying the grounds for objection to the new sentence.[7]See LSA-C.Cr.P. art. 881.2(A)(1).
The trial judge in this case indicated that he was resentencing defendant. He advised defendant that he had thirty days to file a motion for reconsideration of the new sentence. No such action was taken. Under the clear language of LSA-C.Cr.P. art. 881.1, failure to make or file a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. We cannot assume that defendant's objections to the initial sentence are equally applicable to the sentence imposed on February 14, 2003. The considerations that require giving the trial judge an opportunity to reconsider an original sentence apply equally when a trial judge has imposed a new and different sentence in response to an initial defense motion for reconsideration, particularly where, as here, a different trial judge has imposed the new sentence.
In our view, defendant was required to file a new motion for reconsideration of sentence in the trial court in order to preserve appellate review of the new sentence. Accordingly, in this case the defendant is procedurally barred from having his challenge to the new sentence reviewed by this court on appeal. State v. Felder, 2000-2887, p. 10 (La.App. 1 Cir. 9/28/01), 809 So.2d 360, 369, writ denied, XXXX-XXXX *184 (La.10/25/02), 827 So.2d 1173; State v. Duncan, 94-1563, p. 2 (La.App. 1 Cir. 12/15/95), 667 So.2d 1141, 1143 (en banc per curiam).[8]
Insofar as the second sentence is concerned, we note that the trial judge did not vacate the original sentence before sentencing defendant on the second occasion. As it is apparent from the court's actions that it intended to vacate the original sentence, out of an abundance of caution, we vacate the first sentence. See State v. Thomas, 95-2348, pp. 6-7 (La.App. 1 Cir. 12/20/96), 686 So.2d 145, 149, writ denied, 97-0192 (La.3/14/97), 690 So.2d 36.

DECREE
For these reasons, we affirm the conviction of defendant, Darrell R. Smith, Jr. The original sentence is vacated, and his sentence of seven years at hard labor with a fine of $5,000.00, imposed on February 14, 2003, is affirmed.
CONVICTION AFFIRMED; ORIGINAL SENTENCE VACATED; SENTENCE OF FEBRUARY 14, 2003 AFFIRMED.
CARTER, J., concurs with reasons.
WHIPPLE, J., concurs for reasons assigned by C.J. CARTER.
FITZSIMMONS, J., concurs in the result and assigns reasons.
FOIL, J., concurs in the result.
GUIDRY, J., concurs in the result only for the reasons assigned by C.J. CARTER.
CARTER, C.J., concurring in the result only.
I respectfully submit that the majority errs in deciding that a defendant who has been convicted and sentenced, who has timely filed a motion to reconsider sentence in full compliance with Louisiana Code of Criminal Procedure article 881.1, and who has been denied the full relief requested at the district court level, must file yet another motion to reconsider sentence to preserve the issue of the excessiveness of his sentence for appellate review. Article 881.1 was designed to give the trial judge an opportunity to review the appropriateness of the sentence imposed. To require a defendant who has been granted only part of the relief requested to file yet another motion for reconsideration before seeking the appellate review to which he is constitutionally entitled is, in my view, a waste of judicial resources and an inefficient use of judicial time.
Moreover, the majority's hyper-technical interpretation of article 881.1 does nothing *185 to materially further the salutary goals that article was intended to accomplish. I consider defendant's motions for reconsideration of his original sentence to have adequately preserved the matter for appellate review. For that reason, I would review defendant's sentence for excessiveness.
The trial court has wide, although not unbridled, discretion in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or is nothing more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1 Cir.1991), writ denied, 596 So.2d 209 (La. 1992).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. Id. A sentence imposed within the statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. Sepulvado, 367 So.2d at 767; State v. Latiolais, 563 So.2d 469, 473 (La.App. 1 Cir.1990).
In this case, the trial court conducted a sentencing hearing pursuant to defendant's motion to reconsider his original sentence. At the hearing, defendant and other witnesses testified. Defendant, while admitting his crime, expressed remorse and indicated that he had turned his life around during a twenty-six-month drug-rehabilitation program. A representative of the program confirmed that defendant had made notable progress. The court also heard from the probation officer who prepared the pre-sentence investigation report. The report, as originally filed, recommended probation. However, the officer indicated that if he had been in possession of all relevant facts at the time he wrote his report, he would have recommended a term of imprisonment to be determined by the trial judge, rather than probation.
Defendant's conviction of possession with the intent to distribute diazepam exposed him to a sentence of up to ten years at hard labor and a fine of up to $15,000. LSA-R.S. 40:969 B(2). He was originally sentenced to serve ten years at hard labor. In his amended motion to reconsider the original sentence, defense counsel recommended imposition of a sentence of five years of imprisonment instead of the original ten-year sentence imposed. He also recommended that defendant be given credit for the twenty-six months spent in a rehabilitation program. The new trial judge granted the motion in part, substantially reducing the term of imprisonment to seven years at hard labor. The term of imprisonment and the accompanying $5,000 fine imposed were both well within statutory limits.
Defendant also had the benefit of the state's dismissal of additional charges that would have exposed him to an even longer period of incarceration. Defendant admitted to the distribution of additional illegal substances. And although defendant was reportedly making good progress in a drug-rehabilitation program, he committed this drug-related offense while enrolled in a drug-rehabilitation program. In view of the conduct defendant admitted during his sentencing hearings, the new sentence imposed does not shock the conscience. Nor do I consider it to be grossly out of proportion to the offense or an abuse of the vast sentencing discretion accorded to the *186 trial judge. Thus, my review of the record satisfies me that the new sentence imposed is not constitutionally excessive. Accordingly, I would not disturb defendant's sentence on appeal.
I agree with the majority that, because it is apparent from the trial court's actions that it intended to vacate the original sentence, this court should vacate the first sentence out of an abundance of caution. See State v. Thomas, 95-2348 (La. App. 1 Cir. 12/20/96), 686 So.2d 145, 149, writ denied, 97-0192 (La.3/14/97), 690 So.2d 36.
For the foregoing reasons, I concur in the result reached by the majority.
FITZSIMMONS, J., concurs in the Result and Assigns Reasons.
FITZSIMMONS, Judge, concurring, with reasons.
Under the particular facts here, the sentence is neither constitutionally invalid nor abusively excessive. Therefore, I respectfully concur in the result.
However, I do not agree that a second motion for consideration is required to preserve for review the defendant's excessiveness claim. Notwithstanding any requirement for successive motions, I have long believed that the appellate court has a constitutional duty, if not a statutory one, to review a claim that the sentence should shock our conscience and violates the constitutional prohibition against the "needless infliction of pain and suffering." State v. Taves, 03-0518, pp. 4-5 (La.12/3/03), 861 So.2d 144, 147-48. If the defendant makes such an argument on appeal, the only inquiry would be whether the sentence is so excessive that it is constitutionally infirm, not merely whether the trial court abused its discretion in imposing an excessive sentence. If the sentence is not found to be constitutionally infirm, the inquiry ends and the sentence stands.
NOTES
[1] The Hon. Robert D. Downing, J., recused.
[2] Defendant's name is spelled in various ways throughout the record. The caption on the bill of information shows defendant's name as Darryl Smith, although the individual counts in the bill list his name as Darrell Smith. We have adopted for use in this opinion the spelling used on the front sheet of the record, which corresponds to the name as shown on defendant's most recent criminal commitment sheet.
[3] Darrell Smith, Trenton Kidder, and Shannon Truitt were jointly charged in the same bill of information with eleven counts of possession and/or possession with intent to distribute various controlled dangerous substances. On January 30, 2002, the State orally amended the bill of information to add Darrell Smith to count one of the bill of information for possession with intent to distribute diazepam. At the same time, the State dismissed counts X and XI. The remaining counts affected only Trenton Kidder and Shannon Truitt. Proceedings pursuant to those counts are not before us for review.
[4] The State applied for writs to this Court, arguing that the original sentence should not have been reduced. We denied the State's application in an unpublished action. State v. Smith, XXXX-XXXX (La.App. 1 Cir. 4/17/03). On May 16, 2003, the State applied for a supervisory writ to the Louisiana Supreme Court, which was denied. State v. Smith, XXXX-XXXX (La. 1/30/04), 865 So.2d 72.
[5] We have been unable to locate any authority on the question of whether a timely motion to reconsider sentence may properly be amended to assert a new ground for reconsideration after the statutory thirty-day period has elapsed. Compare Annotation, Amendment, After Expiration of Time for Filing Motion for New Trial in Criminal Case, of Motion Made in Due Time, 69 A.L.R. 3rd 933 (1976), and cases cited therein. Arguably, the filing of an amended motion for reconsideration of sentence only brings an additional argument before the trial judge, who would be empowered to grant any relief he deemed appropriate and consistent with law, regardless of the grounds raised in the motion. See, e.g., State v. Thomas, 95-2348, p. 2 (La.App. 1 Cir. 12/20/96), 686 So.2d 145, 146, writ denied, 97-0192 (La.3/14/97), 690 So.2d 36, where the relief granted was different from that requested. Failure to cite a particular ground, however, may affect the scope of appellate review. In this case, the only new ground asserted was that the sentence imposed was unconstitutionally excessive. Had defendant urged no specific ground whatsoever in his initial written motion for reconsideration, we would have reviewed the sentence for a bare claim of unconstitutional excessiveness. Thus, it does not appear that the amendment in this case had any prohibited effect or enlarged what otherwise would have been the scope of appellate review. We do not address the effectiveness, for the purpose of preserving appellate review, of an amendment to a motion for reconsideration filed after the thirty-day statutory period that raises for the first time a ground other than constitutional excessiveness and where no relief is granted in the trial court.
[6] A new sentence imposed under this provision of the code is distinguishable from a change or amendment made to a sentence pursuant to LSA-C.Cr.P. art. 881.
[7] We note that former paragraphs B to D were redesignated as paragraphs C to E by 2003 La. Acts, No. 167, § 1.
[8] See and compare State v. Chisolm, 99-1055, pp. 9-10 (La.App. 4 Cir. 9/27/00), 771 So.2d 205, 212, writs denied, 2000-2965 and XXXX-XXXX (La.9/28/01), 798 So.2d 106 and 798 So.2d 108; State v. Lewis, 98-2575, pp. 5-6 (La.App. 4 Cir. 3/1/00), 755 So.2d 1025, 1028; State v. Franklin, 94-409, pp. 13-14 (La.App. 5 Cir. 12/14/94), 648 So.2d 962, 968-969, writ denied, 95-0143 (La.5/19/95), 654 So.2d 1354. In these cases, it was found that a motion for reconsideration of an initial sentence imposed did not preserve appellate review when the initial sentence was vacated and a new sentence imposed pursuant to the Habitual Offender Law. See also State v. Young, 94-2256, p. 5 (La.App. 1 Cir. 12/15/95), 665 So.2d 175, 177, aff'd on other grounds, 96-0195 (La.10/15/96), 680 So.2d 1171. There, defendant filed a motion to reconsider his sentence, which was denied. We vacated the sentence on appeal due to a patent sentencing error and remanded the matter to the trial court for resentencing. Defendant appealed the new sentence as excessive. The State objected that no new motion for reconsideration had been filed. We did not rely on the filing of the initial motion for reconsideration as a basis for appellate review. Rather, we found that the defendant orally renewed his objection at the resentencing hearing on remand, thereby making an oral motion for reconsideration sufficient to preserve appellate review.