CRAIN, J.
|2The defendant, Brett Gerald, pled guilty as charged to seven counts of vehicular homicide, violations of Louisiana Revised Statute 14:32.1. He was originally sentenced on each count to ten years imprisonment at hard labor, the first five years to be served without probation, parole, or suspension of sentences, to pay a $2,000.00 fine, and to attend a substance abuse program, with the sentences to ran consecutively. The trial court granted the defendant’s motion to reconsider sentences, vacated the original sentences, and resentenced the defendant on each count to five years imprisonment at hard labor, without probation, parole, or suspension of sentence, to pay a $2,000.00 fine, and to attend a substance abuse program, with the sentences to run consecutively.[1] The *438 defendant now appeals, arguing that the trial court erred in sentencing him to consecutive terms of imprisonment on each count. We affirm the defendant’s convictions and sentences.
FACTS
Because the defendant pled guilty, the facts of the case were not fully developed at a trial. The defendant’s arrest report indicates that on May 30, 2012, the defendant’s Dodge Ram truck crossed the center line of Louisiana Highway 67, in East Feliciana Parish, and collided with a Mercury Grand Marquis driven by Brenda Gaines. Gaines and her six passengers, Angela Mosely, Denise Gaines, Diamond Johnson, Jyren Johnson, Willie Gaines, |aand Roderick Johnson, were killed. The defendant was charged with killing seven individuals while driving with a blood alcohol level of .15 grams percent. The defendant pled guilty as charged to seven counts of vehicular homicide.
ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues that the trial court erred in sentencing him to consecutive terms of imprisonment on each count when all counts and charges arose out of a single act.
Louisiana Code of Criminal Procedure article 881.1A provides that “[i]n felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.” Article 881. IE provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
One purpose of the motion to reconsider sentence is to allow the defendant to raise any errors that may have occurred in sentencing while the district court judge still has jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing. State v. Mims, 619 So.2d 1059, 1059 (La.1993) {per curiam).
When the trial court grants relief under Article 881.1 and resentences the defendant, the result is the imposition of a new sentence. Since a new sentence is imposed, Article 881.1 requires that a renewed motion for | ¿reconsideration be made or filed, specifying the grounds for objection to the new sentence State v. Smith, 03-1153 (La.App. 1 Cir. 4/7/04), 879 So.2d 179,183 (en banc).
In this case, after the trial court granted the defendant’s motion to reconsider his original sentences, it resentenced the defendant on May 14, 2013. The defendant did not make or file an oral or written motion to reconsider the new sentences. Although the defendant complained that his new sentences were excessive in his motion for appeal, that motion was merely a request that the trial court grant an appeal, thereby invoking the jurisdiction of this court to change or correct the sentences. It did not request that the trial court change or correct the sentences while it still had jurisdiction. The motion for appeal is not a substitute for a motion to reconsider sentence and does not satisfy the requirements of Article 881.1.[2]
*439 Since the defendant did not make or file an oral or written motion to reconsider the new sentences imposed, he did not preserve appellate review of the new sentences and is procedurally barred from having his challenge to the new sentences reviewed by this court on appeal. See Smith, 879 So.2d at 188.
CONVICTIONS AND SENTENCES AFFIRMED.

. In granting the motion to reconsider sentences, the trial court stated it based its ruling on the supreme court’s decision in State v. Oliphant, 12-1176 (La.3/19/13), 113 So.3d 165, which was decided seven days after the defendant’s original sentencing. In Oliphant, the court held vehicular homicide to be a crime of violence, requiring that a defendant convicted of that crime serve 85% of his full sentence before becoming eligible for parole. Oliphant, 113 So.3d at 173-174; La. R.S. 15:574.4B(1). The trial court stated that it did not intend for the defendant to spend the rest of his life in prison, which would be the practical effect of the original sentences in light of the Oliphant decision. Thus, the trial court imposed new sentences that it stated would result in approximately the same parole eligibility date and good time discharge date as the prior sentences would have but for the Oliphant decision.

. Louisiana Code of Criminal Procedure article 916 provides that the jurisdiction of the trial court is divested and that of the appellate court attaches upon entry of the order of appeal, except to take certain enumerated actions, including correction of an illegal sentence or taking other action pursuant to a properly made or filed motion to reconsider sentence.