CRAIN, J.
The defendant, Demetri Robinson, pled guilty to three counts of attempted second degree murder. See La. R.S. 14:27 and 14:30.1. He was sentenced to 50 years imprisonment at hard labor on each count, to be served concurrently. The trial court granted a motion to modify the sentences, and resentenced the defendant to 40 years imprisonment at hard labor on each count, to be served concurrently.[1] We affirm the convictions and sentences.
FACTS AND PROCEDURAL HISTORY
Because the defendant pled guilty, the facts of the case were not fully developed in the record. Based on pleadings and other documentation in the record, on September 17, 2011, the defendant, armed with a gun, entered the Cajun Circus Casino in Port Allen and shot at three people, striking one in the head.
The defendant initially pled not guilty and not guilty by reason of insanity to all charges. The trial court, with Judge J. Robin Free presiding, appointed a sanity commission. The commission members evaluated the defendant, concluded he was competent to stand trial, and issued reports of their respective findings to the trial court. The defendant and his counsel thereafter appeared in court and agreed to submit the competency issue based on the doctors' reports. The trial court assigned a trial date. On August 18, 2014, the defendant withdrew his plea of not guilty by reason of insanity and, at a Boykin hearing, pled guilty to three counts of attempted second degree murder. On March 5, 2015, the trial court sentenced him to the maximum of 50 years imprisonment at hard labor for each count, to be served concurrently.
The defendant retained new counsel who filed a motion to vacate the guilty pleas or alternatively to modify the sentences, asserting the defendant was provided ineffective assistance by his prior counsel. According to the defendant, his former attorney allowed him to plead guilty while the defendant allegedly suffered from a significant mental illness that rendered him incompetent. At a hearing on January 13, 2016, the defendant presented testimony from a forensic psychiatrist, who opined the defendant had bipolar disorder type 1 with psychotic features, and was incompetent at the time of his plea and sentencing. The trial court denied the motion to vacate the guilty pleas, finding the pleas were knowing and voluntary.
*942 The trial court, however, held open the motion to modify the sentences and ordered the defendant transferred to Elayn Hunt Correctional Center where he was to undergo another psychological evaluation. The trial court explained that the duration of the defendant's sentences was due, in part, to his conduct at sentencing, specifically his smiling during the victim impact statements, which the court interpreted to show a lack of remorse. The trial court stated it might reconsider the sentences if an evaluation found the defendant's conduct was due to psychological issues.
The defendant was examined by a psychiatrist at Elayn Hunt, who issued a report finding the defendant likely had a preexisting mental health disorder that possibly played a role in his behavior at sentencing. At a hearing on January 10, 2018, with Judge Pro Tem Edward J. Gaidry now presiding, the trial court granted the motion to modify the sentences, and resentenced the defendant to 40 years imprisonment at hard labor on each count, to run concurrently.
Procedure for Competency Review and Determination
In his first assignment of error, the defendant asserts the trial court erred in accepting his guilty pleas without first making a determination of his competency.
A criminal defendant has a constitutional right not to be tried while legally incompetent. State v. Carmouche , 01-0405 (La. 5/14/02), 872 So.2d 1020, 1041. A state must observe procedures adequate to protect a defendant's right not to be tried while incompetent, and its failure to do so deprives the defendant of his due process right to a fair trial. Carmouche , 872 So.2d at 1041.
The procedures applicable herein are set forth in Louisiana Code of Criminal Procedure articles 641, et seq. A trial court must order a mental examination of a defendant when it has "reasonable ground to doubt the defendant's mental capacity to proceed." La. Code Crim. Pro. art. 643. When a defendant enters a combined plea of "not guilty and not guilty by reason of insanity," the court may appoint a sanity commission to make an examination as to the defendant's mental condition at the time of the offense. The court may also order the commission to make an examination as to the defendant's present mental capacity to proceed. See La. Code Crim. Pro. arts. 644, 650. If a defendant's mental incapacity has been properly raised, no further steps can be taken in the prosecution until the defendant is found to have the mental capacity to proceed. La. Code Crim. P. art. 642. The competency issue must be determined by the court in a contradictory hearing. La. Code Crim. Pro. art. 647. While the defendant cannot waive the requirement of a competency determination, he can agree to submit the matter to the trial court for a decision based on the sanity commission's reports. See State v. McCray , 11-1913, 2012 WL 1552257 *2 (La. App. 1 Cir. 5/2/12) ; State v. Darnell , 43,048 (La. App. 2 Cir. 8/13/08), 988 So.2d 870, 876-77.
The trial court appointed a sanity commission of three doctors, all of whom found the defendant competent to proceed to trial. According to a minute entry dated October 3, 2012, "[t]he doctors on the sanity commission were present and will be present at the next hearing to discuss this case." The next minute entry, dated January 9, 2013, confirms the prosecutor, defense attorney, and the defendant were present in court, and "[t]he sanity was submitted on the reports." The trial court then set a trial date. The trial date was continued until August 18, 2014, the day the defendant withdrew his insanity plea and pled guilty to all charges.
*943 While no minute entry indicates the trial court specifically found the defendant competent to proceed prior to accepting his guilty pleas, the trial court's setting of the trial date indicates it found the defendant competent to proceed. See State v. Bonicard , 98-0665 (La. App. 4 Cir. 8/4/99), 752 So.2d 184, 185, writ denied , 99-2632 (La. 3/17/00), 756 So.2d 324. Thereafter, the trial court twice stated on the record that the defendant was competent to proceed on the day he pled guilty. At the hearing on the motion to vacate the guilty pleas, Judge Free recalled the defendant's condition at the guilty plea hearing and confirmed:
He appeared like you and I are right here. He appeared like he looks right now. But I did speak to him on that day. And based on my speaking to him, I was of the opinion and I still am of the opinion that on that day he knew what he was doing and that his waiver of his rights and his plea of guilty was a knowing, voluntary, and intelligent waiver and plea.
Similar conclusions were expressed by Judge Gaidry when he reduced the defendant's sentences in 2018:
I believe that he probably suffers from some mental illness but that does not make him insane under our law nor was he incompetent to stand trial or to voluntarily give a plea in connection with this matter.
The record reflects the defendant agreed to submit the competency determination to the trial court for a decision based on the doctors' reports. Relying on those reports, as well as personal observations and communications with the defendant, the trial court concluded the defendant was competent to proceed, a determination the court repeatedly expressed on the record in open court. Considering all of the circumstances of this case, we find the procedural mandates of Louisiana Code of Criminal Procedure articles 641, et seq. , were adequately satisfied, and the defendant was not denied his due process right to a fair trial. See McCray , 2012 WL 1552257 at *2 ; Darnell , 988 So.2d at 877 ; Bonicard , 752 So.2d at 185. This assignment of error is without merit.
Merits of Competency Determination: Denial of Motion to Withdraw Guilty Plea
The defendant next focuses on the merits of the competency determination, contending the trial court erred in that determination and, for that reason, erred in denying his motion to vacate the guilty pleas.
Louisiana law imposes a legal presumption that a defendant is sane and competent to proceed. See La. R.S. 15:432. The defendant has the burden of proving by a preponderance of the evidence his incapacity to stand trial. State v. Carmouche , 01-0405 (La. 5/14/02), 872 So.2d 1020, 1041. A reviewing court owes the trial court's determinations as to the defendant's competency great weight, and the trial court's ruling thereon will not be disturbed on appeal absent a clear abuse of discretion. Carmouche , 872 So.2d at 1041.
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La. Code Crim. P. art. 641 ; State v. Odenbaugh , 10-0268 (La. 12/6/11), 82 So.3d 215, 227. Relevant considerations in determining whether a defendant is fully aware of the nature of the proceedings include whether he understands the nature of the charge and can appreciate its seriousness, whether he understands what defenses are available, whether he can distinguish a *944 guilty plea from a not guilty plea and understand the consequences of each, whether he has an awareness of his legal rights, and whether he understands the range of possible verdicts and the consequences of conviction. State v. Bennett , 345 So.2d 1129, 1138 (La. 1977) ; State v. Walker , 09-1741, 2010 WL 546498 *2 (La. App. 1 Cir. 2/17/10). Facts to consider in determining an accused's ability to assist in his defense include whether he is able to recall and relate facts pertaining to his actions and whereabouts at certain times, whether he is able to assist counsel in locating and examining relevant witnesses, whether he is able to maintain a consistent defense, whether he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements, whether he has the ability to make simple decisions in response to well-explained alternatives, whether he is capable of testifying if necessary in his own defense, and to what extent, if any, his mental condition is apt to deteriorate under the stress of trial. Bennett , 345 So. 2d at, 1138 ; Walker , 2010 WL 546498 at*2.
The sanity commission in this case consisted of Dr. Jose Artecona, M.D.; Dr. D. Clay Kelly Jr., M.D.; and Dr. Charles P. Vosburg, Ph.D. On December 29, 2011, Dr. Artecona evaluated the defendant's competency to stand trial and his mental state at the time of the offenses. The defendant's cognitive function appeared to be in the normal range of intelligence, and his thoughts were linear, logical, and goal directed. Dr. Artecona found the defendant met the Bennett criteria and was competent to stand trial. At the time of the offense, according to Dr. Artecona, the defendant was not suffering from a mental disease or defect that could have rendered him incapable of distinguishing right from wrong, particularly as to the actions that led to his arrest. Dr. Artecona did note, however, that the defendant's history suggested problems with paranoid ideation, but Dr. Artecona found no evidence of a psychotic motive for the defendant's behavior.
On January 12, 2012, Dr. Kelly and Dr. Vosburg evaluated the defendant's competency to stand trial. They initially noted Dr. Vosburg previously examined the defendant on October 12, 2011, only 25 days after the shooting, because he was exhibiting psychiatric and behavioral symptoms. During that evaluation, the defendant claimed there was a "hit out on me on the streets," and that he was a "prophet" who was being "groomed to be a millionaire." On Dr. Vosburg's recommendation, the defendant started treatment with antipsychotics (risperidone) and showed remarkable improvement.
When examined on January 12, 2012, the defendant's thought process was direct and linear, and the grandiosity and paranoid features were greatly reduced. Dr. Kelly and Dr. Vosburg concluded the defendant could relate to his attorney, had a rational understanding of the proceedings against him, and met the Bennett criteria for competency to stand trial. They noted some indication of psychosis at the time of the offenses, and requested an opportunity to further explore that issue. At a follow up evaluation on November 15, 2012, Dr. Kelly and Dr. Vosburg found no clear indication the defendant did not understand the nature, quality, and wrongfulness of his actions. They noted he fled the scene after the crime, and that possible drug abuse in the days leading up to the crime may have contributed to his conduct. In their opinion, the defendant was sane at the time of the offenses.
At the hearing on the motion to vacate the guilty pleas, the trial court heard testimony from Dr. Daphne Glindmeyer, a forensic psychiatrist retained by the defendant.
*945 Based upon her review of various documentation, including medical records, the sanity commission reports, and letters written by the defendant, Dr. Glindmeyer diagnosed the defendant with bipolar disorder type 1 with psychotic features. She noted the defendant had been in prolonged periods of isolation in jail without his medication, prior to pleading guilty and prior to sentencing. In her opinion, the defendant was not competent when he pled guilty and when he was sentenced.
Conflicting evidence was presented to the trial court. All of the commission members concluded the defendant was competent to proceed, while the defense expert concluded otherwise. The trial court, after weighing that evidence and taking into consideration its own observations and interactions with the defendant prior to accepting his guilty pleas, concluded the defendant was competent to proceed. That determination is entitled to great weight. See Carmouche , 872 So.2d at 1041. Based upon our review of the record, we find no abuse of discretion in the trial court's conclusion. See State v. Brooks , 541 So.2d 801, 807 (La. 1989) ; Walker , 2010 WL 546498 at *4.
The only remaining consideration, for purposes of this assignment of error, is whether the defendant's guilty pleas were knowingly and voluntarily made. For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against compulsory self-incrimination. See Boykin v. Alabama , 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) ; State v. White , 517 So.2d 461, 462-63 (La. App. 1 Cir. 1987), writ denied , 521 So.2d 1184 (La. 1988). In determining whether the defendant's plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but also other factors that may have a bearing on the decision. See State v. Calhoun , 96-0786 (La. 5/20/97), 694 So.2d 909. Everything that appears in the record concerning the predicate offense, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. State v. Cadiere , 99-0970 (La. App. 1st Cir. 2/18/00), 754 So.2d 294, 297, writ denied , 00-0815 (La. 11/13/00), 774 So.2d 971.
The trial court conducted a thorough, detailed colloquy with the defendant. The defendant, who was represented by counsel, informed the trial court that he had a bachelor's degree and understood what he was "doing here today." The defendant confirmed he was not under the influence of any drugs or alcohol, and he did not suffer from any mental condition that would prevent him from understanding why he was in court. The trial court informed the defendant of his constitutional rights and explained he would be waiving those rights by pleading guilty, and faced a minimum of a ten-year sentence on each count. The defendant said he understood and further confirmed he was not forced, threatened, or intimidated by anyone into pleading guilty, and no one made any promises to induce his guilty plea. The following exchange then took place:
The Court: Are you pleading guilty of your own free will?
Mr. Robinson: Yes, sir.
The Court: Are you pleading guilty because you are in fact guilty of the crime of three counts of Attempted Second Degree Murder?
Mr. Robinson: Yes, sir.
The Court: Okay. How do you plead, sir, to three counts of Attempted Second Degree Murder?
*946 Mr. Robinson: Guilty.
The Court: All right. Tell me, sir, what you did that makes you guilty of that?
Mr. Robinson: I entered the store. I got upset. I shot Tenesha (spelled phonetically). I shot at a window where another guy was present. And, when I pointed the gun at the third guy, apparently my gun was jammed.
The withdrawal of a guilty plea is within the discretion of the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson , 406 So.2d 569, 571 (La. 1981). Based upon our review of the record, the trial court did not abuse its discretion in denying the defendant's motion to vacate his guilty pleas. This assignment of error is without merit.
Ineffective Assistance of Counsel
In his third assignment of error, the defendant argues the denial of his motion to vacate his guilty pleas was due to ineffective assistance of counsel. According to the defendant, he pled guilty without knowing or understanding his right to submit responsive verdicts and present affirmative defenses, which, according to the defendant, his prior counsel did not adequately investigate or prepare. If properly counseled in that regard, the defendant argues he would not have pled guilty. The defendant further avers no psychiatric expert was hired on his behalf to determine his sanity at the time of the offenses.
A claim of ineffective assistance of counsel is analyzed under the two-part test of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; State v. Fuller , 454 So.2d 119, 125 n.9 (La. 1984). The defendant must show (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland , 466 U.S. at 687, 694, 104 S.Ct. 2052. Counsel's performance is deficient when it can be shown that he made errors so serious that he was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland , 466 U.S. at 687, 104 S.Ct. at 2064. In the context of a guilty plea, the "prejudice" component requires the defendant to prove that, but for counsel's erroneous advice, he would have elected to go to trial rather than plead guilty. See Hill v. Lockhart , 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) ; State v. Crawford , 15-0784 (La. 10/2/15), 176 So.3d 394, 395 (per curiam ); State v. Cheatham , 16-1648 (La. App. 1 Cir. 6/2/17), 222 So.3d 757, 760.
A claim of ineffective assistance of counsel is generally relegated to post-conviction relief, unless the record permits definitive resolution on appeal. State v. Bright , 98-0398 (La. 4/11/00), 776 So.2d 1134, 1157. Decisions relating to investigation, preparation, and strategy cannot possibly be reviewed on appeal. See State v. Kendall , 16-0207 (La. App. 1 Cir. 9/15/17), 231 So.3d 661, 664 ; State v. Tingle , 12-1928, 2013 WL 2484316, *7 (La. App. 1 Cir. 6/7/13). Given the nature of the defendant's claims of ineffective assistance of counsel, we find they are more properly reserved for an application for post-conviction relief, subject to the requirements of Louisiana Code of Criminal Procedure articles 924 through 930.9. This assignment of error is without merit or is otherwise not subject to appellate review herein.
Original Sentences
In two assignments of error, the defendant maintains the trial court erred in "failing to vacate the original sentence[s]" imposed on March 5, 2015, because on that date the defendant was allegedly not competent and his counsel was ineffective. (Emphasis added.)
We first note the defendant's motion actually requested the trial court modify, rather than vacate, the original sentences.
*947 Regardless, on April 4, 2018, in response to the motion, the trial court granted relief and reduced each of the defendant's sentences to 40 years. The result was the imposition of new sentences at that time. See La. Code Crim. Pro. art. 881.1 ; State v. Graham , 14-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 281, writ denied , 15-1028 (La. 4/8/16), 191 So.3d 583 ; State v. Smith , 03-1153 (La. App. 1 Cir. 4/7/04), 879 So.2d 179, 183 (en banc ). Because the defendant was resentenced on April 4, 2018, any assignments of error concerning his competency and legal representation at the original sentencing on March 5, 2015, are moot. The sentences imposed that day are no longer in effect. This assignment of error is without merit.
Claim of Excessive Sentence
In his final assignment of error, the defendant contends his 40-year sentences are excessive.
In felony cases, a defendant may move for reconsideration of his sentence within thirty days following the imposition of sentence or within such longer period as the trial court may set at the sentencing. See La. Code Crim. Pro. art. 881.1A. The motion shall be oral at the time of sentence or in writing thereafter and shall set forth the specific grounds on which the motion. See La. Code Crim. Pro. art. 881.1B. The failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, precludes the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. See La. Code Crim. Pro. art. 881.1E.
As previously noted, the trial court granted the defendant's motion to modify his sentence, and resentenced him to three, concurrent 40-year sentences. As previously recognized, when a trial court grants relief under Article 881.1 and resentences the defendant, the result is the imposition of a new sentence. Graham , 171 So.3d at 281 ; State v. Gerald , 13-1478 (La. App. 1 Cir. 5/2/14), 145 So.3d 436, 438, writ denied , 15-1370 (La. 2/13/15), 157 So.3d 585. When a new sentence is imposed, Louisiana Code of Criminal Procedure article 881.1 requires a renewed motion for reconsideration be made or filed, specifying the grounds for objection to the new sentence. State v. Smith , 879 So.2d at 183.
The defendant did not make or file a motion to reconsider the new sentences. Following resentencing, defense counsel stated, "Your Honor, of course, note my objection for the record." This general objection did not constitute an oral motion to reconsider the sentences as contemplated by Louisiana Code of Criminal Procedure article 881.1B. See State v. Campbell , 16-1349 (La. App. 1 Cir. 4/12/17), 217 So.3d 1197, 1198 n.3. By failing to make or file a motion to reconsider the new sentences, the defendant did not preserve appellate review of the new sentences and is procedurally barred from having his challenge to the new sentences reviewed by this court on appeal. See Gerald , 145 So.3d at 439 ; Smith , 879 So.2d at 183. This assignment of error is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.

These sentences are deemed to be served without benefit of probation, parole, or suspension of sentence. See La. R.S. 14:30.l.B, 14:27D(1)(a), and 15:301.1A.