667 So.2d 1141 (1995)
STATE of Louisiana
v.
Jerry DUNCAN.
No. 94 KA 1563.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Rehearing Denied February 9, 1996.
*1142 Jesse L. Means, Jr., St. Francisville, for State of Louisiana.
Daniel K. Willis, St. Francisville, for Defendant-Appellant.
Before LOTTINGER, C.J., WATKINS, SHORTESS, CARTER, LEBLANC, FOIL, GONZALES, WHIPPLE, FOGG, PITCHER, PARRO, KUHN and FITZSIMMONS, JJ.
PER CURIAM.
Jerry Duncan (defendant) was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. He pled guilty. The court sentenced him to serve a term of thirty-six months imprisonment at hard labor and recommended him for the IMPACT program. Defendant has appealed, urging in a single assignment of error that the sentence is excessive.
The record before this Court does not contain a copy of a motion to reconsider *1143 sentence or evidence that defendant orally moved for reconsideration of the sentence. The failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See La.C.Cr.P. art. 881.1(D) (effective Jan. 31, 1992). Thus, defendant is barred procedurally from having the assignment of error reviewed. See State v. Myles, 616 So.2d 754 (La.App. 1st Cir.), writ denied, 629 So.2d 369 (La.1993).
In reviewing the record for patent error, we have found error in the sentence. The trial court did not give defendant credit for time served. See La.C.Cr.P. art. 880. Accordingly, we amend the sentence to reflect that defendant is to be given credit for any time served prior to execution of his sentence. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.
We also notice a deficiency in the allegations contained in the bill of information. The Code of Criminal Procedure authorizes the use of a short indictment form for the offense of simple burglary: "A.B. committed simple burglary of the houseboat (or other structure, watercraft, or movable, as the case may be) belonging to C.D." La. C.Cr.P. art. 465(A)(14). The bill in this case alleges that defendant "committed simple burglary of an [I]gloo cooler, assorted alcoholic beverages, and assorted change belonging to Reginald Bailey." Although the bill identifies the name of the apparent victim, it fails to identify the structure which was burglarized.
Article I, Section 13, of the Louisiana Constitution provides that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him. Under this mandate, the bill of information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." La. C.Cr.P. art. 464. See also State v. Authement, 532 So.2d 869, 872 (La.App. 1st Cir. 1988). The indictment must contain all the elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence which is submitted upon the trial, to impose the correct punishment on a verdict of guilty, and to afford the defendant protection from subsequent prosecution for the same offense. State v. Comeaux, 408 So.2d 1099, 1106 (La. 1981). The omission of essential facts from an indictment, however, is not necessarily prejudicial error because such facts can be given through responses in a bill of particulars. Authement, 532 So.2d at 873.
After reviewing the record, we find defendant was not prejudiced by the deficiency in the bill. The bill correctly cites the statutory provision for simple burglary, and the offense is designated three times on the bill as being "simple burglary." The affidavit which was submitted to a magistrate in connection with the request for an arrest warrant is in the record. It alleges defendant committed simple burglary of Bailey's Bar in Solitude and stole the various items listed in the bill of information. Defendant did not request a bill of particulars, and he did not move to quash the bill of information. Thus, any error resulting from the State's failure to comply with the requirements of article 465(A)(14) is not reversible.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; REMANDED WITH ORDER.
SHORTESS, J., dissents with reasons.
KUHN, J., dissents and concurs with the reasons assigned by SHORTESS, J.
FITZSIMMONS, J., respectfully dissents with reasons.
SHORTESS, Judge, dissenting.
The majority holds that since defendant did not comply with the time requirements of Louisiana Code of Criminal Procedure article 881.1(A)(1), he is barred procedurally from having his assignment of error as to excessive sentence reviewed on appeal.
*1144 In my opinion, Code of Criminal Procedure article 881.1(D) conflicts directly with Article I, Section 19, of the Louisiana Constitution, which guarantees that no one shall be subjected to imprisonment without the right to judicial review based upon a complete record. Sentencing, of course, is a post-verdict occurrencea defendant's constitutional right at this stage should be protected carefully.
I note also the State did not file a brief.
I respectfully dissent.
FITZSIMMONS, Judge, dissenting.
In my opinion, a timely filed appeal under Louisiana Code of Criminal Procedure article 914, reserves the entire case for appellate review, including the issue of excessiveness of sentence. If the defendant does not wish to move for an article 914 appeal, and wishes only to assign error to the excessiveness of the sentence, the appropriate vehicle is a motion to reconsider the sentence. See La. C.Cr.P. art. 881.1(D).