708 So.2d 808 (1998)
STATE of Louisiana
v.
Frank J. LeBOUEF.
No. 97 KA 0902.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
Camille A. Morvant, II, Thibodaux, for StateAppellee.
Bertha M. Hillman, Thibodaux, for DefendantAppellant.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
The defendant, Frank LeBouef, was charged by bill of information with three counts of forcible rape of his natural daughter, violations of LSA-R.S. 14:42.1. After a trial by jury, he was found guilty as charged on all counts. The trial court sentenced the defendant to forty years at hard labor on each count, to be served concurrently. The defendant's convictions were affirmed on appeal. However, we found merit in the defendant's pro se assignment that the sentences were illegally lenient because the trial court did not specify that at least two years of the sentences be served without benefit of probation, parole, or suspension of sentence as required by LSA-R.S. 14:42.1(B). Accordingly, in an unpublished opinion, this court vacated the sentences and remanded this matter to the trial court for resentencing. See State v. Lebouef, 96-0736 (La.App. 1 Cir. 12/20/96), 686 So.2d 179, writ denied, 97-0204 (La.6/13/97), 695 So.2d 987.
On January 10, 1997, the defendant was resentenced by a different trial judge to forty years on each count of forcible rape, concurrent, without benefit of probation, parole, or suspension of sentence. The defendant appealed the new sentences. In his sole assignment of error, he alleges the sentences were excessive, particularly since they were more severe than the sentences originally imposed.
LSA-C.Cr.P. art. 881.1 states, in pertinent part:

*809 A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
....
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Although the defendant alleges in brief that the trial court erred in denying his motion to reconsider sentence, our review of the record revealed that it does not contain a motion to reconsider sentence. Moreover, the transcript of the resentencing hearing held on January 10, 1997, indicates the defendant also did not orally object to the sentences or move for reconsideration of the sentences at that time. Under LSA-C.Cr.P. art. 881.1(D), the failure to file or make a motion to reconsider sentence precludes a defendant from raising any objection to the sentence on appeal, including a claim of excessiveness. Thus, the defendant is barred procedurally from now having this assignment of error reviewed on appeal. See State v. Duncan, 94-1563 (La.App. 1 Cir. 12/15/95), 667 So.2d 1141 (en banc per curiam). See also State v. Myles, 616 So.2d 754 (La.App. 1 Cir.), writ denied, 629 So.2d 369 (La.1993).
Accordingly, the defendant's sentences are affirmed.
SENTENCES AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, Judge, dissenting.
The majority hold that since defendant did not file a motion to reconsider sentence in accordance with Louisiana Code of Criminal Procedure article 881.1(A), he is barred procedurally by article 881.1(D) from having his assignment of error as to excessive sentence reviewed on appeal.
In my opinion, Code of Criminal Procedure article 881.1(D) conflicts directly with article 1, section 19, of the Louisiana Constitution, which guarantees that no one shall be subjected to imprisonment without the right to judicial review based upon a complete record. Sentencing, of course, is post-verdict occurrencea defendant's constitutional right at this stage should be protected carefully.
I respectfully dissent.