STATE OF LOUISIANA
v.
ROBERT M. CHITTENDEN.
No. 2008 KA 0418.
Court of Appeals of Louisiana, First Circuit.
September 12, 2008.
NOT DESIGNATED FOR PUBLICATION
LESLIE BURNS, SCOTT M. PERRILLOUX, PATRICIA PARKER, Attorneys for Appellee, State of Louisiana.
MARY E. ROPER, Attorney for Defendant/Appellant, Robert M. Chittenden.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
WHIPPLE, J.
The defendant, Robert M. Chittenden, was charged by bill of information with aggravated incest, a violation of LSA-R.S. 14:78.1. He initially pled not guilty. The defendant subsequently withdrew his not guilty plea and pled guilty as charged. Following a Boykin examination, the trial court accepted the guilty plea and sentenced the defendant to imprisonment at hard labor for twenty years. The defendant now appeals, urging in a single assignment of error that the trial court erred in imposing an excessive sentence. We affirm the defendant's conviction and sentence.

FACTS
Because the defendant pled guilty, the facts of the offense were never fully developed at trial. The following facts were gleaned from the transcript of the Boykin hearing, the victim impact statements introduced into evidence at the sentencing hearing, and other documentation contained in the record.
For almost her entire life, fourteen-year-old A.F.[1] was raised by her father and his family. When she was thirteen, A.F. and her father were advised that her biological mother, N.C., had been diagnosed with cancer. N.C. requested that A.F. be allowed to temporarily move in with her and her husband, the defendant. A.F.'s father agreed to allow the child to spend time with her terminally ill mother. At some time after A.F. moved in, the defendant began engaging in inappropriate sexual behavior with the child. N.C. found out and eventually reported the inappropriate behavior to authorities.[2] During the investigation of the matter, the defendant admitted that he engaged in sexual intercourse with A.F. on at least three occasions. He claimed the child consented to the sexual encounters.
At the Boykin examination, when the trial court asked the defendant to explain the actions that led to the institution of the charges, the defendant stated that on at least three occasions he was "caught rubbing and kissing" on his stepdaughter's body, including her vaginal area. He explained that both he and A.F. were entirely nude during the sexual encounters.

ASSIGNMENT OF ERROR
In his sole assignment of error on appeal, the defendant contends the trial court erred in imposing an excessive sentence. Specifically the defendant argues that the maximum sentence imposed in this case was not warranted because this offense is not the worst type of offense and he is not the worst type of offender.
Louisiana Code of Criminal Procedure article 881.1 states, in pertinent part:
A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
* * * * *
B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * * * *
E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Our review of the record reflects that defense counsel did not make a written or oral motion to reconsider sentence. Under Louisiana Code of Criminal Procedure articles 881.1(E) and 881.2(A)(1), the failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See State v. Duncan, 94-1563, p. 2 (La. App. 1st Cir. 12/15/95), 667 So. 2d 1141, 1143 (en banc per curiam). Thus, the defendant is barred procedurally from now having this assignment of error reviewed on appeal. State v. LeBouef, 97-0902, p. 3 (La. App. 1st Cir. 2/20/98), 708 So. 2d 808, 809, writ denied, 98-0767 (La. 7/2/98), 724 So. 2d 206; State v. Duncan, 94-1563 at p. 2, 667 So. 2d at 1143.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In accordance with LSA-R.S. 46:1844(W), the victim herein is referenced only by her initials. To further protect the identity of the victim, her mother is also referenced by initials.
[2] The documentation contained in the record reflects that the police report was made on February 11, 2007. On this date, N.C., A.F., and the defendant all agreed that one incident occurred at an unknown time and date in November 2006.