HIGGINBOTHAM, J.
hThe defendant, Erick Dewayne Scott, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:3o.!.[1] He pled not guilty and, following a jury trial, was found guilty as charged. The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals, designating one assignment of error.

FACTS

Around 5:30 p.m. on February 14, 2012, Elaine Jackson picked up her friend, Kevin *1210 Johnson (a/k/a “Gus”), from a barbershop on Seneca Street in Baton Rouge. With Gus sitting in the front passenger seat, Elaine drove her Toyota Avalon to the corner of Choctaw Drive and N. Acadian Thruway E., where she stopped for a red light behind a truck. In her right side-view mirror, Elaine saw a man, whom she later identified as the defendant, get out of a vehicle behind her from the front passenger side. According to Elaine, who testified at trial, the defendant stayed in a stooped position and crept toward her vehicle, When the defendant got to the front passenger side of Elaine’s vehicle, he pulled a handgun from his pants and fired several times through the rolled-up window at Gus. As Elaine drove Gus to the Baton Rouge General Hospital, she called 911. Gus sustained five gunshot wounds. One of the bullets passed through his lung and heart, and he was dead-on-arrival at the hospital.
The defendant did not testify at trial.

ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues that the trial court abused its discretion in sentencing him without investigating and considering relevant sentencing factors.
|?A thorough review of the record reveals that the defendant did not make or file a motion to reconsider sentence following the trial court’s imposition of the sentence. Pursuant to La.Code Crim. P. arts. 881.1(E) and 881.2(A)(1), the failure to make an oral motion or file a written motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See State v. Mims, 619 So.2d 1059, 1059-60 (La.1993) (per curiam). The defendant, therefore, is procedurally barred from having this assignment of error reviewed because of his failure to make or file a motion to reconsider sentence after being sentenced. See State v. Duncan, 94-1563 (La.App. 1st Cir.12/15/95), 667 So.2d 1141, 1143 (en banc) (per curiam).
The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. The defendant’s middle name is spelled "Dewayne” or "Dwayne” in various parts of the record. We adopt the spelling used in the bill of information. The defendant was also charged with possession of a firearm while in possession of marijuana, a violation of La. R.S. 14:95(E). This count was severed prior to trial.