CALLOWAY, J.
li>The State of Louisiana charged the defendant, Codi Campbell, by bill of information with distribution of cocaine, a violation of La. R.S. 40:967. The defendant pled not guilty and, following a jury trial, the jury found the defendant guilty as charged. Thereafter, the State filed a habitual offender bill of information and, following a hearing, the trial court adjudicated the defendant a third-felony habitual offender. The trial court sentenced the defendant to twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence.[2] The defendant now appeals, designating one assignment *1198 of error. We affirm the conviction, habitual offender adjudication, and sentence.
FACTS
On April 10, 2014, Sergeant Derek Champagne, with the Lafourche Parish Sheriffs Office, set up a controlled drug purchase, using a reliable confidential informant (Cl) he had worked with on several occasions. The Cl called the defendant, and the defendant agreed to meet the Cl at a designated location to sell him crack cocaine. The Cl was wearing an audio device and a small video camera. Sergeant Champagne was riding with the Cl and Sergeant Adam Dufrene, with the La-fourche Parish Sheriffs Office. Sergeant Dufrene drove the Cl to Palmisano Drive in Bayou Blue, Houma, and dropped him off. The Cl walked around the block and met the defendant. The Cl gave the defendant $40, which was serialized drug task force money. The defendant gave the Cl some rocks of crack cocaine, which amounted to .1221 grams. Several detectives in the area monitored the transaction. The Cl left the defendant and met Sergeant Champagne at a designated location, where the Cl turned over the drugs the defendant had sold him.
| ^ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues his sentence is unconstitutionally excessive. A thorough review of the record indicates the defendant did not make or file a motion to reconsider sentence based on any specific ground following the trial court’s imposition of the sentence. Under La. C.Cr.P. articles 881.1(E) and 881.2(A)(1), the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness.[3] See State v. Mims, 619 So.2d 1059 (La. 1993) (per curiam). The defendant, therefore, is procedurally barred from having this assignment of error reviewed because he failed to file a motion to reconsider sentence after being sentenced. See State v. Duncan, 94-1563 (La.App. 1 Cir. 12/15/96), 667 So.2d 1141, 1143 (en banc per curiam). The assignment of error is without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.

. The defendant has three prior convictions: a December 7, 2005 conviction for possession of cocaine, under docket number 462075 in Terrebonne Parish; an October 22, 2008 con *1198 viction for distribution of cocaine, under docket number 444371 in Lafourche Parish; and an October 22, 2008 conviction for possession with intent to distribute cocaine, under docket number 450426 in Lafourche Parish.

. After the trial court sentenced the defendant, defense counsel stated, "Just note our objections.” Defense counsel's objection did not constitute an oral motion to reconsider sentence as contemplated by La. C.Cr.P. art. 881.1 (B) (the motion “shall set forth the specific grounds on which the motion is based.’’). Moreover, a general objection to a sentence without stating specific grounds, including excessiveness, preserves nothing for appellate review. See State v. Bickham, 98-1839 (La.App. 1 Cir. 6/25/99), 739 So.2d 887, 891.