STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0469

STATE OF LOUISIANA

VERSUS

LENARD ANDREW TURPIN

Judgment Rendered:   DEC 3 0 2020

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 593173

Honorable Scott C. Gardner, Judge Presiding

*************

| | |
|---|---|
| Warren L. Montgomery<br>Matthew Caplan<br>J. Bryant Clark, Jr.<br>Covington, LA | Counsel for Appellee,<br>State of Louisiana |
| Bertha M. Hillman<br>Covington, LA | Counsel for Defendant/Appellant,<br>Lenard Andrew Turpin |

*************

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

The defendant, Lenard Andrew Turpin, was charged by an amended bill of information with the following offenses: indecent behavior with a juvenile under the age of thirteen, a violation of LSA-R.S. 14:81(H)(2) (count one); possession of a Schedule II controlled dangerous substance (methamphetamine), a violation of LSA-R.S. 40:967(C) (count two); and two counts of distribution of a controlled dangerous substance[1] by a person over twenty-five years of age to a person under eighteen years of age, violations of LSA-R.S. 40:981(A) (counts three and four). See also LSA-R.S. 40:964, Schedule II(C)(2) and LSA-R.S. 40:967(A). He pled not guilty on each count. After a trial by jury, the jury found the defendant guilty of the responsive offense of attempted indecent behavior with a juvenile under the age of thirteen on count one, a violation of LSA-R.S. 14:81(H)(2) and LSA-R.S. 14:27, and guilty as charged on counts two, three, and four. The trial court denied the defendant's motion for post-verdict judgment of acquittal. The trial court imposed the following sentences: ten years imprisonment at hard labor with two years to be served without the benefit of probation, parole, or suspension of sentence (count one); two years imprisonment at hard labor (count two); and fifteen years imprisonment at hard labor on each count (counts three and four). The trial court ordered that the sentences are to run concurrently.

The defendant now appeals, asserting the following assignments of error: (1) the trial court erred in denying his oral motion to require unanimous verdicts, instructing the jury that ten of twelve jurors must concur on each count to reach a

---

[1]On counts three and four, the amended bill of information states that the distributed substances are listed under Schedules I or II. The bill of information specifies that the distributed substance on count three was methamphetamine, a Schedule II controlled dangerous substance. See LSA-R.S. 40:964. As to count four, the bill of information states that the distributed substance was a "narcotic drug" listed under Schedule I or II. Despite the State's amended bill of information's categorization of a "narcotic drug" as a Schedule I or II drug or substance, "unless specifically excepted or unless listed in another schedule," the actual designation "narcotic drug" is only listed under Schedule III(D)(1), Schedule III(D)(2), Schedule IV(A), Schedule V(A), and Schedule V(B). See LSA-R.S. 40:964.

verdict, and accepting the non-unanimous jury verdicts; and (2) the trial court erred in imposing "constitutionally excessive" sentences on counts three and four. For the following reasons, we vacate the conviction and sentence on count one, and we affirm the convictions and sentences on counts two, three, and four.

## STATEMENT OF FACTS

On June 1, 2017, the defendant had a party at his house for a group of children (whose ages ranged from eleven to fourteen years old), while his own children were away visiting their mother, the defendant's ex-wife. The party was attended by T.B.[2] (a twelve-year-old girl whom the defendant met through his friend, S.B., T.B.'s mother) and T.B.'s friends. Three of the children who attended the party testified at the trial. According to the children, the defendant, whom they called "Andy," invited them to the party, indicating that it was a birthday party for one of his sons. He picked them up to bring them to his house and gave them cigarettes to smoke on the way there, but when they arrived, no one else was there.

According to additional trial testimony, the defendant gave the children alcoholic beverages and marijuana during the party. One of the girls, H.L., who was eleven years old at the time of the party and fourteen years old at the time of the trial, testified that the defendant walked up behind her when she was playing pool, guided her hands, placed his hands on her hips, and began moving her body, contending that she was not playing pool correctly. H.L. noted that she had played pool before and felt confident about her ability to do so. H.L. further testified that at one point that night, she mentioned that she "really loved" stuffed animals, and the defendant afterwards invited her upstairs to see one of his children's stuffed animals.

---

[2]Initials will be used herein to identify the child victims and immediate family members. See LSA-R.S. 46:1844(W). See LSA-R.S. 46:1844(W) (providing that, in order to protect their identity, the names of minor victims of sex offenses shall not be publicly disclosed).

H.L. testified that when they got upstairs, the defendant closed and locked the door and casually touched her arm while she was sitting on the bed. The defendant told her that she looked older than her age, that she was mature, and that her body "had developed faster." He also told her that her lips were "juicy and full." The defendant asked her if she had ever "smoked meth." She stated the defendant took out a clear pipe, an eyeglass case containing a baggie with a gritty substance that looked like salt or sugar, and a red straw. According to H.L., the defendant put the meth in the straw, put the straw in the pipe, "hit it," and asked then her, "Do you want to hit this?" She was hesitant, but after more coaching from the defendant, she followed his instructions, and her lips immediately went numb. At that point, T.B. started knocking on the bedroom door, and the defendant opened the door to let her in.

Additionally, H.L. testified that while she was in the defendant's bathroom talking to T.B., the defendant came in, and T.B. walked out. H.L. state that while they were talking, the defendant made a statement about H.L.'s body and "then [the defendant] start[ed] to grab and rub on my butt." She testified that the defendant groped her until she left the room. As she left the room, she could not see the ground, she felt like her feet were slowly connecting with the ground, and she could not control her breathing.

A.C., who was fourteen years old at the time of the trial and twelve years old at the time of the party, also testified that the defendant gave her and T.B. drugs. She stated she and H.A. (another girl who attended the party) followed T.B. upstairs. She said T.B. had the defendant's "stash of weed," and the defendant came up there and saw T.B. with the weed, but the defendant "didn't really like seem to, like, care too much." She further testified that she, the defendant, and T.B. were in the upstairs bathroom when the defendant pulled out an eyeglass case and a "meth pipe" and told them, "Hit it." A.C. also testified that the defendant

4

told her and T.B. to kiss each other, to kiss him, and "stuff like that." She stated that at the time, she did not know what type of drug she was given by the defendant.

The defendant also testified at trial. He denied giving the children alcohol, testifying that he poured out the alcohol when he caught them drinking. He admitted to having methamphetamine, but testified that a friend left it in his house. He stated that he found T.B., A.C., H.L., and H.A. upstairs in his bathroom with the door locked. He denied giving them methamphetamine and denied touching H.L. inappropriately. The defendant also testified that he discovered H.A. in his daughter's bedroom and confronted her for trying to steal his daughter's jewelry, and that she became upset due to the accusation. However, he admitted to smoking methamphetamine with S.B., and to doing so before they had sex.

## NON-UNANIMOUS JURY VERDICT

In assignment of error number one, the defendant notes that during the trial, he orally moved, in the form of an objection, to require unanimous verdicts in this case. The defendant argues that the trial court erred in overruling his objection and in subsequently instructing the jury that ten of twelve jurors must concur on each count to reach a verdict in this case. Citing Ramos v. Louisiana, ___ U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), the defendant argues that the non-unanimous jury verdicts rendered on counts one and two, based on a concurrence of ten jurors, are unconstitutional. The defendant concludes that the trial court erred in accepting these verdicts and that this error is discoverable by a mere inspection of the face of the record.

In its brief, the State concedes that it appears the trial court erred in accepting a non-unanimous verdict on count one, entitling the defendant to a new trial on count one. However, the State notes that the verdict was unanimous on count two.

5

In the recent decision of Ramos, 140 S. Ct. at 1397, the United States Supreme Court overruled Apodaca v. Oregon,[3] 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. Thus, the Ramos court declared non-unanimous convictions of serious offenses unconstitutional.

In the instant case, after the jury returned its verdict, the trial court ordered that the jurors be polled, and the polling results were sealed. See LSA-C.Cr.P. art. 812. The jury voted 10-to-2 to convict on count one, and 12-to-0 to convict on counts two, three, and four. Thus, assignment of error number one has merit only as to the verdict on count one. Accordingly, the defendant's conviction and sentence on count one is vacated, and the case is remanded for a new trial on count one.

## EXCESSIVE SENTENCES

In assignment of error number two, the defendant argues that the sentences imposed on counts three and four are grossly disproportionate to the severity of the offenses and are a needless infliction of pain and suffering. Quoting LSA-R.S. 40:981(A), the defendant notes that the sentences of fifteen years at hard labor on each count, to run concurrently, are within the statutory range of "imprisonment at hard labor for not less than ten nor more than thirty years." However, the defendant further contends that the trial court had a duty to reduce each sentence to one that is not constitutionally excessive. The defendant argues that the trial court failed to give adequate consideration to mitigating circumstances, including his

---

[3]Oregon's non-unanimous jury verdict provision of its state constitution was challenged in Apodaca. Johnson v. Louisiana, 406 U.S. 356, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972), decided with Apodaca, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

status as a fifty-year-old first offender, his gainful employment, his status as a father and a caregiver for his mother, and his church attendance and activities. He argues that although the sentences are within the statutory limit, they are constitutionally excessive.

As the State notes in its brief, the record before this court does not contain a motion to reconsider sentence or evidence that the defendant orally moved for reconsideration of the sentence. After the sentences were imposed, without stating any ground for the objection, the defendant's trial counsel simply stated, "Thank you, Your Honor. Your Honor, respectfully note an objection to the ruling." Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the State or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. LSA-C.Cr.P. art. 881.1(E).

Defense counsel's objection did not constitute an oral motion to reconsider sentence as contemplated by LSA-C.Cr.P. art. 881.1(B) (the motion "shall set forth the specific grounds on which the motion is based."). Moreover, a general objection to a sentence without stating specific grounds, including excessiveness, preserves nothing for appellate review. State v. Campbell, 2016-1349, 2016-1350 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1197, 1198 n.3. Thus, the defendant is procedurally barred from having the second assignment of error reviewed. See State v. Brown, 2012-0752 (La. App. 1st Cir. 4/10/13), 2013 WL 1459156, at *7 (unpublished); State v. Duncan, 94-1563 (La. App. 1st Cir. 12/15/95), 667 So. 2d 1141, 1143 (en banc per curiam).

Accordingly, we affirm the defendant's convictions and sentences on counts

7

two, three and four; vacate the defendant's conviction on count one; and remand or further proceedings.

**CONVICTION AND SENTENCE ON COUNT ONE VACATED; CONVICTIONS AND SENTENCES ON COUNTS TWO, THREE AND FOUR AFFIRMED; REMAND WITH INSTRUCTIONS.**