STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0586

STATE OF LOUISIANA

VERSUS

GARY SCULLY

Judgment Rendered: **APR 1 6 2021**

* * * * *

On Appeal from the
16th Judicial District Court
Parish of St. Mary, State of Louisiana
No. 2013-190378

The Honorable Lewis H. Pitman Jr., Judge Presiding

* * * * *

Martin Bofill Duhe                          Attorneys for the State of Louisiana
District Attorney
Walter J. Senette, Jr.
Assistant District Attorney
Franklin, Louisiana

Cynthia Kliebert Meyer                      Attorney for Defendant/Appellant,
New Orleans, Louisiana                      Gary Scully

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

The defendant, Gary Scully, was charged by bill of information with fourth-offense driving while intoxicated (DWI), a violation of La. R.S. 14:98(E) (prior to the 2014 amendments). He pled not guilty. Prior to trial, the defendant waived the right to counsel and represented himself at trial. Following a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to eighteen years imprisonment at hard labor and ordered him to pay a $5,000.00 fine. The defendant appealed. This court affirmed the defendant's conviction but vacated his sentence and remanded for resentencing because the trial court failed to restrict the defendant's sentence to exclude parole for two years, as required by La. R.S. 14:98(E)(1)(a). See **State v. Scully**, 2015-0385 (La. App. 1st Cir. 11/6/15) (unpublished), 2015 WL 6835435, writ denied, 2015-2214 (La. 3/4/16), 188 So.3d 1056.

With representation by appointed counsel, the defendant was resentenced to eighteen years imprisonment at hard labor with two years of the sentence to be served without benefit of parole, probation, or suspension of sentence; he was also ordered to pay a $5,000.00 fine. The defendant now appeals, designating one assignment of error. We affirm the sentence.

## FACTS

On March 17, 2013, the defendant was arrested for driving while intoxicated in Berwick, St. Mary Parish. The facts are fully set forth in the prior appeal in this matter, **Scully**, 2015 WL 6835435.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues that his sentence is constitutionally excessive.

2

## DISCUSSION

A thorough review of the record indicates that neither the defendant nor his appointed counsel objected to his sentence. Further, there was no oral or written motion to reconsider the sentence. Under La. Code Crim. P. arts. 881.1(E) and 881.2(A)(1), the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See **State v. Mims**, 619 So.2d 1059 (La. 1993) (*per curiam*). The defendant, therefore, is procedurally barred from having the assignments of error reviewed because of his failure to file a motion to reconsider sentence after being sentenced. **State v. Campbell**, 2016-1349 (La. App. 1st Cir. 4/12/17), 217 So.3d 1197, 1198; see also **State v. Duncan**, 94-1563 (La. App. 1st Cir. 12/15/95), 667 So.2d 1141, 1143 (*en banc per curiam*).

The assignment of error is without merit.

**SENTENCE AFFIRMED.**