STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0695

STATE OF LOUISIANA

VERSUS

JAMES SIMMONS, JR.

Judgment Rendered: **JUN 0 4 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 281702

Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

| | |
|---|---|
| Warren L. Montgomery<br>District Attorney<br>Matthew Caplan<br>Assistant District Attorney<br>Covington, LA | Attorneys for Appellee,<br>State of Louisiana |
| Katherine M. Franks<br>Madisonville, LA | Attorney for Defendant-Appellant,<br>James Simmons, Jr. |

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**HESTER, J.**

The defendant, James Simmons, Jr., was charged by grand jury indictment with aggravated rape, a violation of La. R.S. 14:42. Following a trial by jury, the defendant was found guilty of the responsive offense of forcible rape, a violation of La. R.S. 14:42.1. Thereafter, the defendant was charged, adjudged, and sentenced as a third felony habitual offender to life imprisonment at hard labor without benefit of parole. The defendant appealed. This court affirmed the defendant's conviction and sentence, and the Louisiana Supreme Court denied the defendant's application for writ of review. **State v. Simmons**, 99-0595 (La. App. 1st Cir. 12/28/99), 761 So.2d 810 (table), writ denied, 2000-0649 (La. 11/13/00), 773 So.2d 158.

Subsequently, on or about April 17, 2018, the defendant filed a motion to correct illegal sentence wherein he argued that he was entitled to the more lenient sentencing provisions provided by 2001 La. Acts, No. 403 by virtue of La. R.S. 15:308 and **State ex rel. Esteen v. State**, 2016-0949 (La. 1/30/18), 239 So.3d 233 (per curiam). The trial court denied the defendant's motion. The defendant filed an application in this court for writ of supervisory review. This court vacated the district court's ruling denying the defendant's motion to correct illegal sentence and remanded the case to the district court for resentencing of the defendant and appointment of defense counsel for the sentencing hearing. **State v. Simmons**, 2018-1320 (La. App. 1st Cir. 4/5/19), 2019 WL 1503962, at *1.

On remand, the trial court resentenced the defendant to thirty-five years imprisonment at hard labor without the benefit of probation or suspension of sentence. The defendant now appeals, raising in a single assignment of error that the sentence imposed on remand is unconstitutionally excessive. For the following reasons, we affirm the sentence.

## STATEMENT OF FACTS[1]

The victim of the instant offense was a married twenty-year-old mother of two young children. On November 16, 1997, between about 10:00 and 10:30 p.m., the victim left home in her 1986 Mazda to go to a restaurant to take a friend, a female employee at the restaurant, home. On the way to the restaurant, the victim stopped at the corner of Canton Street and Highway 25, a dark wooded area not far from the restaurant. While she was at the intersection, the defendant jumped inside her car with a flashlight. He told the victim to drive or he would hit her in the head with the flashlight. The victim was afraid and did as she was told. Although she did not personally know the defendant, the defendant called her by her first name and told her he knew she had a husband and two children. The defendant wanted to know if she had an ATM card or money. She told him she did not have such a card. He began "digging in everything" inside the car.[2] The victim drove to McDougal Road as she was told. The defendant then told her to drive to Yates Road. She complied. At this location, under the defendant's threats to beat her with a flashlight, she was forced to smoke crack cocaine and perform oral sex on the defendant. He also got on top of her and raped her and became very angry when he discovered she was bleeding, which was due to her recently having had a baby. The defendant made the victim wipe blood from his penis with her bra, paper, and her hands. From the Yates Road location, the defendant had the victim drive to several other locations while he was smoking crack cocaine. When the victim tried to go toward Lee Road, the defendant jerked the steering wheel and made her go in another direction. He told her not to swerve, go fast, or do anything to give anyone reason to stop them and threatened to hurt one of her children if she told the police or anyone what had happened. The defendant also told the victim he was taking her to Bogalusa to

---

[1] The statement of facts restated herein was previously presented by this court in the unpublished opinion for the defendant's prior appeal, which is contained in the instant record.
[2] At some point, the defendant took possession of another flashlight belonging to the victim.

3

prostitute her. When the defendant told her he was getting ready to make her pull over and let him drive, the victim began looking for a house with lights on where she might get someone to help her. The victim tried to pull into a driveway and killed the car's motor. The defendant hit her several times in her face and hit her in the head with a flashlight.[3] Fighting back, the victim "kicked [herself] out" of the car and fell on the ground. Screaming and crying, the victim ran to a nearby home, where the occupants let her come inside. In making her escape, the victim assumed the defendant drove away in her car. The incident was reported to the police, and the victim was taken to a hospital where she was examined and received medical attention.

At about 12:45 a.m. on November 17, 1997, St. Tammany Parish Sheriff's Detective Mike Dupuis was notified of the instant offense and began his investigation of the crime. The victim's car was found burning in Bogalusa and was determined to be a total loss as a result of the fire. Dupuis and Folsom Chief of Police Bo Killingsworth met with the victim, who helped put together a computer-generated composite sketch of her attacker. After Killingsworth viewed the composite sketch and spoke to the victim, he suspected the defendant, an individual he knew from the Folsom area, was the rapist. A photo lineup was assembled, and the victim selected the defendant's picture from the lineup. A warrant was obtained for the defendant's arrest. The warrant was executed by the police at a home where the defendant's niece, Rosalyn Simmons, was living with her grandfather. Ms. Simmons consented to a search of the house. During a room to room search, the defendant was found inside an armoire. The officers repeatedly ordered the defendant to get out and to show his hands. However, the defendant would not get out and showed only his left hand. Finally, the officers forcefully removed the

---

[3] According to the victim, the defendant was hitting her hard, trying to "knock [her] out." The victim sustained injuries to her face, the back of her head, and her back and arms.

defendant from the armoire, handcuffed him, and advised him of his constitutional rights.[4] It was determined that the backside of the defendant's right hand had been burned. The officers also found wet clothing in the washing machine. This clothing matched the victim's description of the clothes the defendant was wearing at the time of her attack.

## EXCESSIVE SENTENCE

In his sole assignment of error, the defendant argues that the sentence imposed on remand is excessive under the circumstances of this case. While the defendant concedes that the imposed sentence is well within the statutory limits, he notes that he is sixty-five years old and has demonstrated his capacity for rehabilitation. The defendant further claims that the newly imposed sentence alters his parole possibility to his detriment by increasing the number of years that he must serve before becoming eligible for parole.[5]

As the State notes in its brief, the record before this court does not contain a motion to reconsider sentence or evidence that the defendant orally moved for reconsideration of the sentence. The record reflects that there was no statement by the defendant or defense counsel after resentencing was imposed. Under La. Code Crim. P. arts. 881.1(E) and 881.2(A)(1), the failure to make or file a motion to

---

[4] The criminal investigation proceeded very expeditiously with Ms. Simmons giving the consent to search at about 5:30 p.m. on November 17, 1997, and the apprehension and arrest of defendant following shortly thereafter.

[5] The defendant cites La. R.S. 15:574.4(A)(5) in arguing that prior to resentencing, he was eligible for parole after serving fifteen years on his former sentence of life imprisonment. Citing La. R.S. 15:574.4(A)(1)(b)(i), he contends that because his sentence was commuted to a number of years, he is instead eligible for parole after serving twenty-six and one-fourth years, seventy-five percent of his thirty-five-year sentence. We note that parole eligibility determinations are the sole function of the Department of Public Safety and Corrections (DPSC). See La. R.S. 15:574.2 et seq. Generally, the DPSC administers the standards governing parole eligibility and determines whether a particular inmate is eligible for parole consideration by the Board of Parole. In determining parole eligibility dates, the DPSC looks to the applicable statutory criteria set out in La. R.S. 15:574.4, and "administers these standards and criteria by applying them, as well as other relevant statutes and interpretive jurisprudence, to determine whether or not a particular inmate is parole eligible, i.e., eligible for parole consideration by the board." **State v. Petsch**, 2018-0074 (La. App. 1st Cir. 4/9/18), 2018 WL 1733367, at *1, writ denied, 2018-0654 (La. 3/25/19), 267 So.3d 595 (quoting **State v. Brown**, 2012-0872 (La. 5/7/13), 118 So.3d 332, 335 n.2).

reconsider sentence shall preclude a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See **State v. Mims**, 619 So.2d 1059, 1059-60 (La. 1993) (per curiam). Thus, the defendant is procedurally barred from having the sole assignment of error reviewed. See **State v. Hamilton**, 2019-1206 (La. App. 1st Cir. 2/21/20), 297 So.3d 782, 789, writ denied, 2020-00608 (La. 11/10/20), 303 So.3d 1046; **State v. Duncan**, 94-1563 (La. App. 1st Cir. 12/15/95), 667 So.2d 1141, 1142-43 (en banc per curiam). Accordingly, the sentence of the defendant, James Simmons, Jr., is affirmed.

**AFFIRMED.**