| .CARTER, C.J.
The defendant, Lincoln Manee, was charged by bill of information with one count of theft of goods having a value greater than $100.00 but less than $500.00, a violation of LSA-R.S. 14:67.10. He pled not guilty and, after trial by jury, was found guilty as charged. He subsequently was sentenced to two years imprisonment at hard labor. He has appealed, urging two assignments of error.

FACTS

On April 22, 1998, at the Albertson’s Supermarket on Government Street in Baton Rouge, Eric Phillippe saw the defendant with three bottles of Hennessey Cognac in a basket. Phillippe then saw the defendant hide one of the bottles in his pants. Phillippe reported what he had seen to the store manager. When the defendant left the aisle where he had been standing, Phillippe noticed that the other two bottles of cognac were missing. The defendant then walked toward the front of the store past the cash registers, and almost to the door of the store where he was stopped by a store manager who asked the defendant for the bottle of liquor. The defendant stated that he did not have a bottle of liquor. At that point the Baton Rouge City Police Officer, who was working extra duty at the store, walked up and raised the defendant’s sweatshirt. The defendant had three bottles of cognac tucked inside the waistband of his pants. The defendant was subsequently searched and two more bottles of cognac were found hidden inside the flap of the defendant’s jacket. According to Phillippe, the five bottles of Hennessey Cognac taken by the defendant were priced at $28.99 each.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In his first assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. In his brief to this court, the defendant complains that the trial court erroneously sentenced him to the maximum sentence and his actions were not the most egregious and he was not the worst offender. He claims that his sentence was not justified. In his second assignment of error, the defendant contends that the failure of trial counsel to file a motion for reconsideration of sentence should not preclude this court from considering the constitutionality of the sentence as trial counsel’s failure to file such motion constituted ineffective assistance of counsel.
| /The defendant was sentenced on July 30, 1999. The instant record does not contain an oral or written motion to reconsider sentence. Louisiana Code of Criminal Procedure article 881.1D provides that the failure to file or make a motion to reconsider sentence precludes the defendant from raising an excessive sentence argument on appeal. Ordinarily, we are constrained by the provisions of this article and the holding of State v. Duncan, 94-1563, p. 2 (La.App. 1st Cir.12/12/95), 667 So.2d 1141, 1143 (en banc per curiam), and we would not consider the excessive sentence argument.
However, in the interest of judicial economy, we choose to consider the defendant’s argument that his sentence is excessive, even in the absence of a motion to reconsider sentence, in order to address the defendant’s claim of ineffective assistance of counsel. See State v. Bickham, 98-1839, pp. 6-8 (La.App. 1st Cir.6/25/99), 739 So.2d 887, 891-892. Because we conclude that the instant sentence is not excessive, trial counsel’s failure to file or make a motion to reconsider sentence, even if constituting deficient performance, did not prejudice the defendant.
*721 The penalty for a defendant convicted of theft of goods valued at $100.00 or more, but less than $500.00, is imprisonment with or without hard labor for not more than two years or a fine of not more than two thousand dollars, or both. See LSA-R.S. 14:67.10B(2). Thus, the defendant’s sentence of two years at hard labor was within the statutory requirements. The court did not fine the defendant.
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within the statutory limits. State v. Lobato, 603 So.2d 739, 751 (La.1992).
[ Louisiana Code of Criminal Procedure article 894.1 sets forth items which should be considered by the trial court before imposing sentence. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. LSA-C.Cr.P. art. 894.1C. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App.1st Cir.), writ denied, 565 So.2d 942 (La.1990). Maximum sentences are reserved for cases involving the most serious offenses and the worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983).
In sentencing the defendant, the court indicated that it had considered the defendant’s presentence investigation report (PSI) and it recommended incarceration. The court stated that the defendant was not eligible for the impact program because he was a seventh felony offender. The court considered the facts of the instant case and noted that the defendant was thirty-seven years old. The defendant denied any responsibility for the crime and claimed that the police lied during his trial. The court noted that the defendant has an extensive criminal record, mainly for property-related crimes, and had seven felony convictions in the state of Washington. According to the court, the defendant was placed on probation for his last three convictions, but he failed to report to his probation officer and has an outstanding bench warrant in the state of Washington. The court further noted that in the instant case the defendant failed to report to the probation department as instructed by the court and he was only interviewed for the PSI after he was arrested on new charges of misdemeanor theft. According to the court, the defendant was a high school graduate, had a history of employment, was a veteran of the armed forces, and reported a history of cocaine use and mental health problems. The court felt that the defendant demonstrated that he had no regard for the law and that “he is a thief.” The court determined that the defendant was in need of correctional treatment in a custodial environment.
We find that the record supports the sentence imposed. The defendant had an extensive criminal record and was considered a seventh felony offender. At the time he committed the instant offense, the defendant had an outstanding bench warrant for failing to report to his probation *722 officer. After committing the instant crime, the | .¡defendant was arrested again for misdemeanor theft. Considering the above, we find the defendant to be one of the worst offenders and this crime to be one of the most serious offenses.
After reviewing the record, we are unable to find that the trial court abused its discretion in sentencing the defendant. The sentence imposed is not grossly disproportionate to the severity of the crime, in light of harm to society, or so disproportionate as to shock our sense of justice. We further note that the state could have billed the defendant as an habitual offender, which would have exposed him to a much harsher sentence. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.