WHIPPLE, J.
| ¿The defendant, Arria S. Loper, was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. The defendant pled not guilty and, following a jury trial, was found guilty as charged. The defendant filed a motion for postverdict judgment of acquittal, which was denied. The defendant was sentenced to thirteen years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now appeals, designating one counseled assignment of error and two pro se assignments of error. We affirm the defendant’s conviction and sentence.

FACTS

On January 11, 2008, Detective Ken McMorris, with the Livingston Parish Sheriffs Office, received information from a confidential informant that the defendant was involved in criminal activity. Detective McMorris, along with Livingston Parish Sheriffs Office Deputy Lance Landry, met the defendant at a prearranged location in Livingston Parish. As Detective McMorris approached the defendant, he noticed a bulge in the defendant’s right front pants pocket. Detective McMorris conducted a pat-down and retrieved from the defendant’s pocket a .38 Special revolver with four live rounds in it. The defendant was subsequently arrested.

COUNSELED ASSIGNMENT OF ERROR

In his sole counseled assignment of error, the defendant argues that the evi *1266 dence was insufficient to support the guilty verdict. Specifically, the defendant contends that the State failed to prove that the gun was capable of firing or that the gun, as a weapon, was used or designed to be used in destroying, defeating, or injuring an enemy.
When conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const, amend. XIV; La. Const, art. I, § 2. The standard of preview for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also LSA-C.Cr.P. art. 821(B); State v. Ordodi, 2006-0207, p. 10 (La.11/29/06), 946 So.2d 654, 660; State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988). The Jackson standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See State v. Patorno, 2001-2585, pp. 4-5 (La.App. 1st Cir.6/21/02), 822 So.2d 141, 144.
The trier of fact’s determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a factfinder’s determination of guilt. State v. Taylor, 97-2261, pp. 5-6 (La.App. 1st Cir.9/25/98), 721 So.2d 929, 932. We are constitutionally precluded from acting as a “thirteenth juror” in assessing what weight to give evidence in criminal cases. See State v. Mitchell, 99-3342, p. 8 (La.10/17/00), 772 So.2d 78, 83.
In his brief, the defendant refers to Black’s Law Dictionary definitions of “firearm” and “weapon,” and asserts the evidence was insufficient because his gun was “never shown to be capable of the propulsion of shot,” the Black’s Law Dictionary definition of “firearm,” and it was not shown that his gun was used or designed to be used in destroying, defeating or injuring an “enemy,” the Black’s Law Dictionary definition of “weapon.”
However, to prove a violation of LSA-R.S. 14:95.1, the State must prove: (1) the defendant’s status as a convicted felon; and (2) that the defendant was in Lpossession of a firearm. See State v. Mose, 412 So.2d 584, 585 (La.1982). The State must also prove that ten years have not elapsed since the date of completion of the punishment for the prior felony conviction. LSA-R.S. 14:95.1(0(1) (Prior to amendment by La. Acts 2010, No. 942. Following the amendment, the cited language is contained in LSA-R.S. 14:95.1(0.) Thus, a violation of LSA-R.S. 14:95.1 by the defendant required no more than that he had a prior felony conviction and was in possession of a firearm.[1]
Through the trial testimony of Detective McMorris, Deputy Landry, and Craig Meyer, a probation and parole officer for the State of Louisiana, the State clearly proved the elements of possession of a firearm by a convicted felon. Detective McMorris’s testimony, corroborated by Deputy Landry’s testimony, established that the defendant was carrying a .38 Special revolver with three or four bullets in his right front pants pocket. Meyer testified that he was assigned to the defendant, who had been convicted of possession of cocaine, xanax, and hydrocodone in Janu *1267 ary 2007. The defendant was placed on parole in March of 2007 and completed parole in August 2007.
Detective McMorris testified on cross-examination that he had not fired the defendant’s gun and did not know whether or not the gun was working. Similarly, Deputy Landry testified on cross-examination that he did not know if the rounds in the gun could be fired or if the gun was operational. The .38 revolver the defendant had in his possession was published to the jury members at trial. While there is nothing before us to suggest that the gun did not work properly or that it was inoperable, the State was not required to prove that the gun was capable of |fifiring live ammunition.[2] Such a condition is not an element of the crime of possession of a firearm by a convicted felon. See State v. Jenkins, 540 So.2d 1037, 1039-40 (La.App. 2d Cir.1989); State v. Rogers, 494 So.2d 1251, 1254-55 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). See also United States v. Perez, 897 F.2d 751, 754 (5th Cir.1990), cert. denied, 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990) (where, in reviewing a federal statute similar to LSA-R.S. 14:95.1, which prohibited possession of a firearm by a felon, the court found irrelevant whether or not the rifle possessed by the defendant was inoperable since “[a]n inoperable firearm is nonetheless a firearm.”).
After a thorough review of the record, we find that the evidence supports the jury’s verdict. We are convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of possession of a firearm by a convicted felon. See State v. Calloway, 2007-2306, pp. 1-2, 10-12 (La.1/21/09), 1 So.3d 417, 418, 422-23 (per curiam).
The counseled assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 1

In his first pro se assignment of error, the defendant argues he had ineffective assistance of counsel because of a conflict of interest with his court-appointed counsel.
Initially, we note that when the defendant sought to have defense counsel discharged, the attorney sought to withdraw as counsel of record. The trial judge | fidenied the withdrawal. However, the trial court allowed the defendant to represent himself, but ordered the attorney to sit “second chair,” in an advisory capacity, in the defendant’s case. In his pro se brief, the defendant asserts without support that defense counsel “was not operating in his best interest.” Further without support, the defendant states, “The level of competency asserted by restrained [sic] counsel’s performance failed to meet the normal demands called for adequate representation and was not based on informed professional deliberations.” The defendant also complains that defense counsel failed to file a motion to suppress the evidence. However, the record indicates that defense counsel did file a motion to suppress, a hearing *1268 was held on the matter, and the trial court denied the motion to suppress.
Louisiana Constitution article 1, § 13 provides in pertinent part that “[a]t each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment.” The Sixth Amendment to the United States Constitution likewise carries such a guarantee. As a general proposition, a person accused in a criminal trial has the right to counsel of his choice. If a defendant is indigent, he has the right to court-appointed counsel. However, an indigent defendant does not have the right to have a particular attorney appointed to represent him. An indigent’s right to choose his counsel only extends so far as to allow the accused to retain the attorney of his choice, if he can manage to do so, but that right is not absolute and cannot be manipulated so as to obstruct orderly procedure in courts and cannot be used to thwart the administration of justice. The question of withdrawal of counsel largely rests with the discretion of the trial judge, and his ruling will not be disturbed in the absence of a clear showing of an abuse of discretion. State v. Leger, 2005-0011, p. 43 (La.7/10/06), 936 So.2d 108, 142, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007).
[7In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the test for evaluating the competence of trial counsel:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
In evaluating the performance of counsel, the inquiry must be whether counsel’s assistance was reasonable considering all the circumstances. State v. Morgan, 472 So.2d 934, 937 (La.App. 1st Cir.1985). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. State v. Robinson, 471 So.2d 1035, 1038-39 (La.App. 1st Cir.), writ denied, 476 So.2d 350 (La.1985).
A claim of ineffective assistance of counsel is more properly raised by an application for postconviction relief in the district court, where a full evidentiary hearing may be conducted. However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Carter, 96-0337, p. 10 (La.App. 1st Cir.11/8/96), 684 So.2d 432, 438.
In the instant matter, the allegations of ineffective assistance of counsel at trial cannot be sufficiently investigated from an inspection of the record alone. Decisions relating to investigation, preparation, and strategy cannot possibly be reviewed on appeal. Only in an evidentia-ry hearing in the district court, where the defendant could present evidence beyond what is contained in the instant record, | scould these allegations be sufficiently in *1269 vestigated.[3] Accordingly, these allegations are not subject to appellate review. See State v. Albert, 96-1991, p. 11 (La.App. 1st Cir.6/20/97), 697 So.2d 1355, 1863-64. See also State v. Johnson, 2006-1235, p. 15 (La.App. 1st Cir.12/28/06), 951 So.2d 294, 304.

PRO SE ASSIGNMENT OF ERROR NO. 2

In his second pro se assignment of error, the defendant argues that his sentence is excessive.
A thorough review of the record indicates that neither the defendant nor defense counsel made a written or oral motion to reconsider his sentence. Under LSA-C.Cr.P. arts. 881.1(E) and 881.2(A)(1), the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. The defendant, therefore, is proeedurally barred from having this assignment of error reviewed. See State v. Duncan, 94-1563, p. 2 (La.App. 1st Cir.12/15/95), 667 So.2d 1141, 1143 (en banc per curiam). See also State v. LeBouef, 97-0902, pp. 2-3 (La.App. 1st Cir.2/20/98), 708 So.2d 808, 808-09, writ denied, 98-0767 (La.7/2/98), 724 So.2d 206.
This pro se assignment of error also is without merit.

SENTENCING ERROR

Under LSA-C.Cr.P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record, we have found a sentencing error. See State v. Price, 2005-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112 (en banc), writ denied, 2007-0130 (La.2/22/08), 976 So.2d 1277.
|3For his conviction of possession of a firearm by a convicted felon, the defendant was sentenced to thirteen years at hard labor without benefit of probation, parole, or suspension of sentence. At the time of the instant offense, the law provided that whoever is found guilty of violating the possession-of-a-firearm-by-a-convicted felon provision shall be imprisoned at hard labor for not less than ten nor more than fifteen years without benefits and be fined not less than one thousand dollars nor more than five thousand dollars. LSA-R.S. 14:95.1(B) (prior to amendment by La. Acts 2010, No. 815). The trial court failed to impose the mandatory fine.[4] Accordingly, the defendant’s sentence, which did not include the mandatory fine, is illegally lenient. However, since the sentence is not inherently prejudicial to the defendant, and neither the State nor the defendant has raised this sentencing issue on appeal, we decline to correct this error. See Price, 2005-2514 at pp. 21-22, 952 So.2d at 124-25.
CONVICTION AND SENTENCE AFFIRMED.
McCLENDON, J. concurs and assigns reasons.

. Although proved at trial, the element of the ten-year cleansing period is not at issue.

. Trial testimony, in fact, suggests the gun was working properly. Detective McMorris testified that after retrieving the gun from the defendant, he opened the gun and removed the four live rounds to make it safe. He also testified he brought the gun to the detective’s office, made it safe to where it could not be shot, and tagged and placed it into evidence. He further testified that he had been with the Sheriff’s Office for ten-and-a-half years and that with his law enforcement training in firearms, the bullets in the defendant’s gun looked like they were able to be fired.

. The defendant would have to satisfy the requirements of LSA-C.Cr.P. art. 924, et seq., in order to receive such a hearing.

. The minutes also reflect that no fine was imposed.