STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 KA 0176


STATE OF LOUISIANA

VERSUS

JUSTIN DEWAYNE KIMBLE


Judgment Rendered: **SEP 2 1 2023**


* * * * *


ON APPEAL FROM THE
22nd JUDICIAL DISTRICT COURT, DIVISION F
ST. TAMMANY PARISH, LOUISIANA
DOCKET NUMBER 2349-F-2019

HONORABLE VINCENT J. LOBELLO, JUDGE PRESIDING


* * * * *

Warren LeDoux Montgomery    Attorneys for Plaintiff-Appellee
District Attorney    State of Louisiana
and
Matthew Caplan
J. Bryant Clark, Jr.
Assistant District Attorneys
Covington, Louisiana


Gwendolyn K. Brown    Attorney for Defendant-Appellant
Baton Rouge, Louisiana    Justin Dewayne Kimble

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

Penzato, J., concurs in the result

**GREENE, J.**

The State charged the defendant, Justin Dewayne Kimble, by amended bill of information, with possession of less than two grams of a Schedule II controlled dangerous substance (CDS) (fentanyl) (Count I), a violation of La. R.S. 40:967(C)(1); possession of two grams or more, but less than twenty eight grams, of a Schedule II CDS (methamphetamine) (Count II), a violation of La. R.S. 40:967(C)(2); possession with intent to distribute less than two and one-half pounds of marijuana (Count III), a violation of La. R.S. 40:966(A) and (B)(2)(a); possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies (Count IV), a violation of La. R.S. 14:95.1; illegal carrying of a weapon while in possession of a CDS (14 grams or more of marijuana) (Count V), a violation of La. R.S. 14:95(E); and possession of less than two grams of a Schedule I CDS (acetyl fentanyl) (Count VI), a violation of La. R.S. 40:966(C)(1)(a). The defendant pled not guilty on all counts.[1] After a trial, a jury unanimously found him guilty as charged on all counts.

Thereafter, the trial court sentenced the defendant as follows: on Count I, to two years imprisonment at hard labor; on each of Counts II and III, to five years imprisonment at hard labor; on Count IV, to twenty years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence; on Count V, to ten years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence; and, on Count VI, to two years imprisonment at hard labor.

The State then filed a habitual offender bill of information alleging that, as to Counts I, II, III, V, and VI, the defendant was a second-felony habitual offender.[2] After a hearing, the trial court adjudged the defendant a second-felony habitual offender on those counts and vacated the corresponding previously-imposed sentences. Based on the adjudication, the trial court sentenced the defendant as follows: on Count I, to four

---

[1] A jury trial commences when the first prospective juror is called for examination. La. C.Cr.P. art. 761. The defendant was not arraigned on Count VI prior to the commencement of trial. Following the selection of the jury, the State notified the trial court that the defendant had not been arraigned on Count VI. Defense counsel waived reading of the bill and entered a plea of not guilty on Count VI. Accordingly, the defendant waived any irregularity in the arraignment on Count VI. *See* La. C.Cr.P. art. 555.

[2] The State identified the predicate offense as the defendant's May 18, 2015 conviction for robbery in the second degree, under Alabama Circuit Court of Jefferson - Birmingham County Docket #01-CC-2014-002851. The State did not include Count IV in the habitual offender bill of information.

years imprisonment at hard labor, without benefit of probation or suspension of sentence; on Count II, to eight years imprisonment at hard labor, without benefit of probation or suspension of sentence; on Count III, to five years imprisonment at hard labor, without benefit of probation or suspension of sentence; on Count V, to fifteen years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence; and, on Count VI, to four years imprisonment at hard labor, without benefit of probation or suspension of sentence. The trial court ordered that the sentences imposed on Counts I - VI run concurrently.

The defendant now appeals, challenging the sentences as excessive and arguing his trial counsel rendered ineffective assistance by failing to file a motion to reconsider the sentence to preserve review of the sentences for excessiveness. For the following reasons, we affirm the convictions and sentences.

**FACTS**

On May 1, 2019, at 6:01 a.m., Louisiana State Police Trooper Derek Clark stopped a vehicle for a traffic violation on Interstate 12 in St. Tammany Parish. At the time of the stop, Jamichael Peterman was driving the vehicle, and defendant, who owned the vehicle, was riding as a passenger. Trooper Clark detected the odor of marijuana coming from the vehicle and suspected that narcotics were present therein. The defendant refused to consent to a search of the vehicle, but based on the odor of marijuana, Trooper Clark and another State Police Trooper performed a search of the vehicle, finding numerous illegal drugs,[3] a scale, a gun magazine, and a 9mm semi-automatic pistol with an extended magazine. Trooper Clark then arrested the defendant and Mr. Peterman.

At trial, Mr. Peterman testified he lived in Alabama, where he worked at a McDonald's restaurant and also sold marijuana on the side. According to Mr. Peterman, he and the defendant drove to Houston, Texas, to buy approximately two pounds of marijuana to sell. Mr. Peterman indicated the defendant helped "set up the buy" and helped him pay for the marijuana. Mr. Peterman stated he told the defendant not to bring his gun when the men

---

[3] The officers found 0.19 grams of fentanyl and acetyl fentanyl, 8.25 grams of methamphetamine, and various bags and quantities of marijuana totaling 1.6 pounds.

left Alabama, but the defendant said he would rather "get caught with [the gun] than without it."

The defendant testified at trial. He stated that he lived in Alabama; he admitted that he was convicted of a felony when he was seventeen years old.[4] According to the defendant, Kavon Dunn, one of his friends, left the gun in the defendant's car. The defendant claimed he did not know the gun was in the vehicle until Mr. Dunn called him while he was in Louisiana and on his way to Houston. The defendant, however, conceded he held the gun in Alabama and Louisiana and knew it was in the vehicle when he was in Texas.[5] According to the defendant, he was driving Mr. Peterman to Texas to buy marijuana in exchange for $300 and some of the marijuana. The defendant denied supplying any of the money to buy the marijuana.

The defendant testified he was a drug user, not a drug dealer. He conceded he was guilty of the offenses involving fentanyl, acetyl fentanyl, and methamphetamine, *i.e.*, Counts I, II, and VI, but stated he was not guilty of the charges involving the marijuana and the firearm, *i.e.*, Counts III, IV, and V. He claimed he had no intent to possess fentanyl and thought the fentanyl and acetyl fentanyl were heroin when he purchased them. He denied any ownership interest in the marijuana. He conceded, however, that his drugs were found in his Crown Royal bag with a scale and a magazine for the gun. He further conceded that, after his arrest on the instant charges, on May 12, 2020, he was arrested in Alabama with a scale, marijuana, and 13 pills of suspected MDMA,[6] and that, in July of 2021, he was arrested in Alabama for possession of 10.4 grams of fentanyl, 26 grams of methamphetamine, hydrocodone pills, and two loaded firearms. The defendant claimed those firearms did not belong to him, and he was in his sister's car at the time of his July 2021 arrest.

---

[4] Alabama Probation and Parole Officer Meta Eatman testified she supervised the defendant after his May 18, 2015 guilty plea to robbery in the second degree. The defendant was released from probation for that offense in September of 2018.

[5] The State presented testimony and a report from an expert in forensic DNA analysis that the defendant could not be excluded as a major contributor of DNA found on the firearm and the bullets in its magazine.

[6] MDMA is a drug commonly known as ecstasy. *See State v. Risner*, 13-2089 (La. App. 1 Cir. 7/11/14), 2014 WL 3510295, *1, *writ denied*, 14-1543 (La. 2/27/15), 159 So.3d 1066.

4

## EXCESSIVE SENTENCES; INEFFECTIVE ASSISTANCE OF COUNSEL

In assignment of error number one, the defendant contends the trial court erred in imposing excessive sentences. In assignment of error number two, he contends the trial court failed to comply with the sentencing mandates of La. C.Cr.P. art. 894.1. In assignment of error number three, he contends he was denied effective assistance of counsel because his trial counsel failed to preserve the excessiveness of the sentences for review. The defendant combines the assignments of error for purposes of argument. He argues the evidence, facts, and his background do not support imposition of maximum or near maximum sentences in this matter.

We will address assignments of error numbers one and two, even in the absence of a timely motion to reconsider sentence[7] or a contemporaneous objection, because analysis of the ineffective assistance of counsel claim requires such. *See State v. Moore*, 12-0876 (La. App. 1 Cir. 2/15/13), 2013 WL 595670, *2 (unpublished), *writ denied*, 13-0600 (La. 10/11/13), 123 So.3d 1216.

Louisiana Code of Criminal Procedure article 894.1 sets forth factors the trial court must consider before imposing a sentence. The trial court need not recite the entire checklist of La. C.Cr.P. art. 894.1, but the record must reflect that it adequately considered the criteria. *Moore*, 2013 WL 595670 at *2. In light of the criteria expressed by La. C.Cr.P. art. 894.1, an appellate court's review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. *Id.* Remand for full compliance with La. C.Cr.P. art. 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. *Id.*

The Eighth Amendment to the United States Constitution and Louisiana Constitution Article I, §20 prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. *State v. Alexander*, 21-1346 (La. App. 1 Cir. 7/13/22), 344 So.3d 705, 725. Generally, a sentence is considered excessive if it is grossly

---

[7] An attorney's failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel. However, if the defendant can show a reasonable probability that, but for attorney's error, his sentence would have been different, a basis for an ineffective assistance claim may be found. *State v. Scott*, 17-0209 (La. App. 1 Cir. 9/15/17), 228 So.3d 207, 210, *writ denied*, 17-1743 (La. 8/31/18), 251 So.3d 410.

disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. *Id.* A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. *Id.* A trial court is given wide discretion in the imposition of sentences within statutory limits, and an appellate court should not set aside the sentence in the absence of an abuse of that discretion. *State v. Allen*, 05-1622 (La. App. 1 Cir. 3/29/06), 934 So.2d 146, 156. The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, *e.g.*, hearsay, arrest records, and conviction records. *State v. Myles*, 94-0217 (La. 6/3/94), 638 So.2d 218, 219 *(per curiam)*; *Allen*, 934 So.2d at 157.

A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted. However, in the interest of judicial economy, an appellate court may address the issue of ineffective assistance, where the record discloses evidence needed to decide the issue, and the defendant raises the issue by assignment of error on appeal. *State v. Moody*, 00-0886 (La. App. 1 Cir. 12/22/00), 779 So.2d 4, 8, *writ denied*, 01-0213 (La. 12/7/01), 803 So.2d 40; *see State v. Mance*, 00-1903 (La. App. 1 Cir. 5/11/01), 797 So.2d 718, 720. A court analyzes an ineffective assistance of counsel claim under the two-pronged test developed by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. *State v. Bias*, 14-1588 (La. App. 1 Cir. 4/24/15), 167 So.3d 1012, 1020-21, *writ denied*, 15-1051 (La. 5/13/16), 191 So.3d 1053. To show prejudice, the defendant must demonstrate that, but for the attorney's unprofessional errors, the proceeding would have resulted differently. *Bias*, 167 So.3d at 1021. It is unnecessary to address both prongs of the *Strickland* test, if the defendant makes an inadequate showing as to one prong. *Id.*

As applicable here, the defendant was adjudicated a second-felony habitual offender and, as to Counts I, II, III, V, and VI, faced a sentencing range not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction. La.

6

R.S. 15:529.1(A)(1). Any sentence imposed under La. R.S. 15:529.1 shall be at hard labor without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G).

As to Count I, possession of fentanyl, whoever possesses less than two grams of a Schedule II CDS,[8] shall be imprisoned, with or without hard labor, for not more than two years and, in addition, may be fined not more than five thousand dollars. La. R.S. 40:967(C)(1). As a second-felony habitual offender, the defendant faced a sentencing range of not less than eight months and not more than four years. He was sentenced to four years imprisonment at hard labor, without benefit of probation or suspension of sentence.

As to Count II, possession of methamphetamine, whoever possesses two grams or more, but less than twenty-eight grams, of a Schedule II CDS,[9] shall be imprisoned, with or without hard labor, for not more than one year nor more than five years and, in addition, may be fined not more than five thousand dollars. La. R.S. 40:967(C)(2). As a second-felony habitual offender, the defendant faced a sentencing range of not less than twenty months and not more than ten years. He was sentenced to eight years imprisonment at hard labor, without benefit of probation or suspension of sentence.

As to Count III, possession with intent to distribute marijuana, whoever possesses an aggregate weight of less than two-and-one-half pounds of a substance classified in Schedule I as marijuana, shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years and be fined not more than fifty thousand dollars. La. R.S. 40:966(A) and (B)(2)(a). As a second-felony habitual offender, the defendant faced a sentencing range of not less than forty months and not more than twenty years. He was sentenced to five years imprisonment at hard labor.[10]

As to Count V, illegal carrying of a weapon while in possession of a CDS (14 grams or more of marijuana), as applicable here, the offender shall be fined not more than ten

---

[8] Fentanyl is a Schedule II CDS. La. R.S. 40:964, Schedule II, (B)(9).

[9] Methamphetamine is a Schedule II CDS. La. R.S. 40:964, Schedule II, (C)(2).

[10] Louisiana Revised Statutes 40:966(B)(2)(a) also authorizes, but does not mandate, a fine. However, the habitual offender statute does not authorize the imposition of a fine. *See State v. Warren*, 16-0411 (La. App. 1 Cir. 9/19/16), 2016 WL 5078377, *2, n.4 (unpub'd); *State v. Thomas*, 12-0177 (La. App. 1 Cir. 12/28/12), 112 So.3d 875, 879-80.

thousand dollars and imprisoned at hard labor for not less than five nor more than ten years, without benefit of probation, parole, or suspension of sentence. La. R.S. 14:95(E). As a second-felony habitual offender, the defendant faced a sentencing range of not less than forty months and not more than twenty years. He was sentenced to fifteen years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.[11]

As to Count VI, possession of acetyl fentanyl, whoever possesses less than two grams of a Schedule I CDS,[12] shall be imprisoned, with or without hard labor, for not more than two years and may, in addition, be fined not more than five thousand dollars. La. R.S. 40:967(C)(1)(a). As a second-felony habitual offender, the defendant faced a sentencing range of not less than eight months and not more than four years. He was sentenced to four years imprisonment at hard labor, without benefit of probation or suspension of sentence.

As to Count IV, possession of a firearm or carrying a concealed weapon by a person convicted of a crime of violence which is a felony,[13] whoever violates La. R.S. 14:95.1(A) shall be imprisoned at hard labor for not less than five nor more than twenty years, without the benefit of probation, parole, or suspension of sentence, and fined not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.1(B). On Count IV, the defendant was sentenced to twenty years at hard labor imprisonment, without benefit of probation, parole, or suspension of sentence.[14]

The trial court ordered that the sentences imposed on Counts I - VI run concurrently. The trial court noted that it considered the factors set forth in the Code of Criminal Procedure and the Habitual Offender Law. The trial court specifically noted the defendant's history of

---

[11] See footnote 10.

[12] Acetyl fentanyl is a Schedule I CDS. La. R.S. 40:964, Schedule I, (A)(56) (prior to renumbering as authorized by 2022 La. Acts No. 46, §2 and 2021 La. Acts No. 101, §3).

[13] Second-degree robbery is a crime of violence which is a felony. La. R.S. 14:2(A)(4) and (B)(35); La. R.S. 14:64.4(B).

[14] Assignment of error number one attacks all six sentences as excessive. Thus, the sentence on count IV must be reviewed for excessiveness even though it was not enhanced under the habitual offender law. La. Code Crim. P. art. 920(1). The sentence on Count IV is addressed after discussing the enhanced sentences, because the enhanced sentences were subject to the same enhancement provisions under La. R.S. 15:529.1(A)(1) and La. R.S. 15:529.1(G).

prior convictions and the seriousness of the present charges. Additionally, the trial court found the presence and potential use of a firearm while the defendant was involved with possessing, and possessing with intent to distribute, controlled dangerous substances to be "particularly disturbing."

A thorough review of the record reveals the trial court adequately considered the criteria of La. C.Cr.P. art. 894.1 and did not manifestly abuse its discretion in imposing the sentences herein. *See* La. C.Cr.P. art. 894.1(A)(1), (B)(12), (B)(20), and (B)(21). Further, the sentences imposed were not grossly disproportionate to the severity of the offenses and thus were not unconstitutionally excessive.

Additionally, maximum sentences were warranted on Counts I, IV, and VI. Maximum sentences may be imposed for the most serious offenses and the worst offenders or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. *Moore*, 2013 WL 595670 at *4. The defendant's offenses herein were the most serious offenses because, as noted by the trial court, the defendant illegally possessed a firearm while possessing controlled dangerous substances. Guns and drugs frequently go hand-in-hand. *State v. Warren*, 05-2248 (La. 2/22/07), 949 So.2d 1215, 1229. This Court has also noted that drugs and guns and violence often go together. *State v. Barnes*, 16-0630 (La. App. 1 Cir. 9/16/16), 203 So.3d 1090, 1096, *writ denied*, 16-1807 (La. 9/15/17), 225 So.3d 483. The defendant is the most serious offender, because he is a repeat offender with a prior crime of violence who not only continues to break the law, but does so while armed with a firearm.

As to the defendant's ineffective assistance of counsel claim, we note, even assuming, *arguendo*, defense counsel performed deficiently in failing to timely move for reconsideration of the sentences, the defendant suffered no prejudice from the deficient performance, because this Court considered the defendant's excessive sentences argument in connection with the ineffective assistance of counsel claim. *See Moore*, 2013 WL 595670 at *4. These assignments of error are meritless.

## PATENT ERROR

Under La. C.Cr.P. art. 920(2), an appellate court is limited in its review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of

the evidence. *State v. Loper*, 10-0582 (La. App. 1 Cir. 10/29/10), 48 So.3d 1263, 1269. After a careful review of the record, we have found two patent errors.

On Count IV, the trial court failed to impose the mandatory fine of not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.1(B). Accordingly, the defendant's sentence on Count IV, which did not include the mandatory fine, is illegally lenient. However, since the sentence is not inherently prejudicial to the defendant, and neither the State nor the defendant has raised this sentencing issue on appeal, we decline to correct this error. *See Loper*, 48 So.3d at 1269.

On Count V, the bill of information charged the defendant with violating La. R.S. 14:95(E), illegal carrying of weapons while in possession of a CDS, "by using, possessing or having in [his] immediate control any firearm, . . . namely a pistol, while unlawfully in the possession of a controlled dangerous substance, to wit: [f]ourteen (14) grams or more of marijuana." Louisiana Revised Statutes 14:95(E) provides an exception when the unlawfully possessed CDS is "fourteen grams or less of marijuana[.]" Thus, Count V of the bill of information was defective in failing to charge the defendant possessed *more than* fourteen grams of marijuana. However, the bill of information fairly informed the defendant of Count V, and he suffered no prejudice from the defect, because the quantity of marijuana involved in this case was *more* than fourteen grams. Accordingly, this error is not reversible. *See* La. C.Cr.P. art. 921 and *State v. Templet*, 05-2623 (La. App. 1 Cir. 8/16/06), 943 So.2d 412, 420, *writ denied*, 06-2203 (La. 4/20/07), 954 So.2d 158 (noting that a defendant may not complain of technical insufficiency in an indictment for the first time after conviction, when the indictment fairly informed him of the charge against him and the he is not prejudiced by the defect).

For the above reasons, we affirm the defendant's convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED.**